Argued September 16, affirmed October 7, petition for
rehearing denied November 4, 1959

# STATE OF OREGON *v.* LUDWIG

344 P. 2d 764

*Nathan Weinstein,* Portland, argued the cause and filed a brief for appellant.

*Oscar D. Howlett,* Deputy District Attorney for Multnomah County, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney for Multnomah County, Portland.

Before McAllister, Chief Justice, and Warner, Sloan and King, Justices.

KING, J. (Pro Tempore)

This is an appeal from an order of the Circuit Court for Multnomah County ordering that the defendant be imprisoned in the Oregon State Penitentiary for violation of probation.

The defendant, Fred B. Ludwig, a real estate broker, was indicted for and pleaded guilty to the charge of larceny by embezzlement. On April 24, 1955, he was sentenced to a maximum of two years in the Oregon State Penitentiary. At the same time and in the same order the execution of sentence was suspended and the defendant was placed on probation for a period of two years. Included in the conditions of defendant's probation were the requirements (1) that he make immediate payment of all funds presently available to apply toward restitution; and (2) that he pay the balance remaining during the period of probation.

It is admitted that prior to sentence the defendant made restitution to Bessie R. Starr the sum of approximately $4,300, but had not paid the balance of approximately $3,700 or any part thereof.

On April 24, 1957, near the end of the probation period, the Circuit Court for Multnomah County issued an order and placed it with the sheriff for service, di-

recting the defendant to appear and show cause why his probation should not be revoked. A bench warrant was issued at the same time, but was not served on the defendant until March 20, 1958. We are uninformed as to why the defendant was not found and served earlier, but that is not made an issue in this case except as it comes under the claim that the court had no jurisdiction after April 25, 1957.

The revocation hearing was held on April 10, 1958, at which time defendant moved that the warrant of arrest be discharged on the ground that the court had lost jurisdiction. The defendant claimed, in effect, that the sentence imposed had been served during the probation period. The court continued the hearing until May 7, 1958, at which time the motion was denied and the contested order was made directing that sentence imposed April 25, 1955, of a maximum of two years be executed and served.

The defendant raises two points:  (1) The court had no jurisdiction of the defendant after April 25, 1957. (2) The court, having once sentenced the defendant, could not pass a new sentence upon him, as to do so would place him twice in jeopardy.

Taking up point (1), the defendant has cited the cases of *Anderson v. Alexander*, 191 Or 409, 229 P2d 633, 230 P2d 770, and *Fredericks v. Gladden*, 211 Or 312, 315 P2d 1010, as authority for the contention that the period of probation should be considered as a period of imprisonment. The two above cases and the cited sections apply to a person on parole and not to a person on probation, as was the defendant in this case.

■■ A parole, briefly stated, is a release from jail, prison or other confinement after actually serving part of the sentence. Probation is a release by the court

before sentence has commenced. *Anderson v. Alexander,* supra.

■ A parolee has served part of his sentence. The probationer, as in this case, has been sentenced but has served no part of the sentence. He accepts the probation and continues on it so long as he abides by its terms and conditions. ORS 137.370 provides that service of sentence begins when the prisoner is received at the penitentiary.

ORS 137.510 and 137.540 provide methods of granting probation by the courts including (a) by suspending the passing of sentence for a certain time and under conditions imposed by the court; and (b) by suspending execution or actual serving of the sentence after it is pronounced for a certain length of time and under conditions imposed, as was done in this case.

■ One of the vital conditions of this probation was that Fred B. Ludwig should make restitution during the period of probation of approximately $3,700, admittedly remaining due of the embezzled money. He failed to make restitution of the $3,700 or any part thereof, and so admits. On the hearing before the trial court, no sufficient reason was given why the order was not complied with. We have no transcript of the evidence heard by the trial court and only two exhibits submitted by the defendant. Exhibit 2 is a copy of state income tax return submitted by the defendant and his wife for the year 1957. Exhibit 3 consists of several reports made by Mr. Ludwig to the Director of Parole and Probation. We cannot say from the evidence that the court acted improperly in revoking probation.

The court had given him two years to make restitution and waited until near the end of the period before

issuing the order and bench warrant, after information had been furnished by the Oregon State Board of Parole and Probation that the defendant had violated the terms of his probation.

There is and can be no question in this case of the circuit court having jurisdiction to originally pass sentence on this indictment, charging Fred B. Ludwig with the crime of larceny by embezzlement. The sentence of a maximum of two years in the penitentiary was well within the limit of the penalty provided by law. ORS 164.310.

ORS 137.510 is the source of the authority and jurisdiction for the court to grant probation, and provides as follows:

"(1) The courts having jurisdiction of criminal or quasicriminal actions, including actions for violation of municipal ordinances, when it appears that the best interests of the public as well as of the defendant will be subserved thereby, may:

(a) Suspend the imposition or execution of sentence for any crime or offense for any period not to exceed five years; and may also

(b) Place the defendant on probation for a definite or indefinite period not less than one nor more than five years.

"(2) The power of the judge of any court to suspend execution of sentence or to grant probation to any person convicted of a crime shall continue until such person is delivered to the executive head of the penal, reformatory or correctional institution designated in the judgment."

■ Under the above section of the law, the circuit court had the power and jurisdiction to suspend execution of the sentence and place the defendant on probation for a period of two years.

ORS 137.540 sets out terms which, among others, may be made conditions of the probation, and includes under subsection (9):

"Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

This section gave the court authority and jurisdiction to require the defendant to make restitution of the money embezzled as a condition of his probation.

ORS 137.550 provides:

"(1)  *  *  *

(a) The period of probation shall be such as the court determines and may, in the discretion of the court, be continued or extended.

(b) The court may at any time discharge a person from probation.

"(2) At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation.  *  *  *  Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed  *  *  *."

■ In this case, the court made order to show cause and directing the issuance of the warrant of arrest, and they were filed by the clerk and received by the sheriff, as shown by the filing marks, on April 24, 1957, and within the two-year probationary period. Under the statutes above cited, the court clearly retained jurisdiction until that time.

The warrant was not served on the defendant until nearly eleven months later. The sheriff's return shows March 19, 1958. The defendant, in his brief, claims March 20, 1958. As mentioned before, the delay was unexplained and was not made an issue except as it

comes under the claim that the court had no jurisdiction after April 25, 1957.

We now come to the question of whether the trial court retained jurisdiction by virtue of making the order and issuing the warrant and placing them with the sheriff for service before the two-year probationary period had expired, even though the warrant was not served until about eleven months later and the hearing not held until about twenty days after the arrest.

This court has not passed upon this question, so we shall look to other jurisdictions where similar laws have been interpreted.

In the early Washington case of *State ex rel. Tingstad v. Starwich*, 119 Wash 561, 206 P 29 (1922), it was held that upon violation by a convicted person of the terms upon which a sentence of imprisonment was suspended, he may be required to serve it, although the period of original sentence has expired. "He cannot wipe out the sentence lawfully imposed upon him without paying the penalty." See, also, 15 Am Jur, Criminal Law, § 496, p 147.

In the recent case of *Phoenix v. State of Nebraska*, 162 Neb 669, 77 NW2d 237 (1956), the proceedings were started about two weeks before the probationary period of three years was up. Over two months later the violation charge was amended to charge a separate and distinct violation instead of the original alleged violation. The Nebraska statute is very similar to the Oregon statute in its provisions for violation of probation. It provides that the court or magistrate thereof may

"In case of violation * * * upon showing by affidavit * * * issue a warrant for the arrest of probationer, * * *."

The case then holds:

"It will be noted that the statute does not contain the language 'the court may revoke the probation at any time during the period of probation.' We believe a proper interpretation of the statute is that if a court is to revoke probation for a violation occurring within a probationary period, procedure to that end must have been instituted within the probationary period, as was done in the instant case, or within a reasonable time thereafter. Under such an interpretation, a violation occurring on the last day of probation could still properly result in the revocation of probation after the probationary term."

See, also, Vol. 59 Columbia Law Review, page 314, Note 23 and cases cited thereunder.

It will be noticed that ORS 137.550(2), cited above, uses the words "may issue a warrant" similar to the Nebraska statute as to the act to be done within the period of probation.

In *United States ex rel. Tomasello*, 50 F Supp 464 (1943), the court said:

"* * * Congress indicated that there should be three successive steps; the issuance of the warrant, the arrest of the defendant, and his appearance before the court. A time limitation is imposed only upon the first step. I conclude that a court is not deprived of the power to resentence the defendant if the warrant has issued within the maximum period prescribed by the statute even though the execution of the warrant and the appearance of the prisoner before the court is beyond that period."

In the above case the probationer was arrested about eleven months after the probation period had expired, and the probation was revoked and service of sentence required.

■ Probation is a statutory process and, under laws similar to ours, it seems to be the general rule that if the revocation procedure is started properly before the expiration of the term, the court retains jurisdiction, even though the final hearing and adjudication are after the end of the probation period.

Whether the court would have had jurisdiction to issue the order and warrant after the two years probation expired is not an issue in this case—it is admitted that they were issued before the two years had expired.

We hold that the court had jurisdiction in this case, that the defendant was serving no part of his sentence during the probation period and that the court did not err in denying defendant's motion.

■ Defendant's point (2): "The Court having once sentenced the defendant could not pass a new sentence upon him as to do so would place him twice in jeopardy." Under this point, the defendant assumes that being on probation is the same status as being confined in the penitentiary, and relies on the rule as set forth in *State v. Cannon*, 11 Or 312, 2 P 191, to-wit:

> "* * * Where a sentence had been passed upon a defendant and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case."

But such was not the case here. The defendant was not committed and had not served any part of his sentence. The order of May 7, 1958, was not a new sentence, but merely an order, after hearing, that the defendant should serve the sentence as already imposed on April 25, 1955.

The order of May 7, 1958, is upheld. The trial court is affirmed.