Argued October 22, affirmed November 3, 1975

MARVIN EARL BOYD, *Petitioner, v.*
BOARD OF PAROLE (No. 4522-C, CA 4851),
*Respondent.*

541 P2d 1068

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Petitioner, an inmate of Oregon State Penitentiary, on May 14, 1975 was granted a parole without a release date being set because it was conditional upon, among other things, his obtaining employment. Thereafter, a parole release officer twice took him, in custody, into the Salem area, helping him seek the job he needed to fulfill the mentioned condition for release. On the second trip petitioner broke and ran, despite his custodian's commands to return. In a few hours petitioner was arrested and returned to custody. On June 18, 1975 the State Board of Parole afforded him a hearing, after which it rescinded the parole action it had formerly taken, because of petitioner's demonstrated inability to properly handle his situation, and recommended that he be transferred to Oregon State Hospital for observation and treatment.

Petitioner appeals, contending he did not receive all of the procedural due process required by *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972), and ORS 144.343[1] for revocation of parole; for example, he was not given a "written notice of the claimed violations of parole." *See Morrissey v. Brewer,* supra, 408 US at 489; ORS 144.343(3) (a).

We hold the *Morrissey* and statutory requirements did not apply to petitioner because he was not in parole status. In *Bailleaux v. Cupp,* 16 Or App 573, 578, 520 P2d 483, Sup Ct *review denied* (1974), citing *State v. Ludwig,* 218 Or 483, 344 P2d 764 (1959), we said: "* * * [T]he parole-granting process continues until the inmate is actually released from confinement."

---

[1] The requirements of Morrissey v. Brewer, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972), have been codified and implemented in ORS 144.343.

However, petitioner urges upon us some recent decisions from other jurisdictions which have held that the *Morrissey* procedures apply after parole is granted, although the inmate has not yet been released from custody. Thus, in *In re Prewitt*, 8 Cal3d 470, 474, 105 Cal Rptr 318, 503 P2d 1326 (1972), the California Supreme Court said:

> "* * * [W]e can perceive no significant distinction between the deprivation of * * * conditional liberty enjoyed by a parolee after release and the deprivation * * * after a grant thereof but before *the date fixed for release.* * * *" (Emphasis supplied.)

Our emphasis notes that a date had there been fixed for release. The same is true with reference to the other two cases relied upon by petitioner: *Means v. Wainwright*, 299 So2d 577 (Fla 1974), cert denied 419 US 1116 (1975), and *Monohan v. Burdman*, 84 Wash2d 922, 530 P2d 334 (1975). In the latter case the Washington Supreme Court noted that the question before it was whether a previously granted parole with a tentative release date could be cancelled without *Morrissey* due process proceedings "* * * for reasons other than inability to develop an acceptable parole rehabilitation plan. * * *" 84 Wash2d at 926. It was exactly such an inability to develop a parole plan which led to cancelling out the conditional parole at bar.

It may be that some situation may arise, where a parole is so fixed that only the act of release remains, and the requirements of *Morrissey* and ORS 144.343 must be met in spite of the language we used in *Bailleaux,* quoted supra. At bar, however, an acceptable parole rehabilitation plan was still in process, and petitioner was not in parole status. He was entitled only to the procedural due process provided by Oregon statutes governing the granting of parole.

*See Sterling v. Bd. of Parole*, 16 Or App 481, 519 P2d 1047, Sup Ct *review denied* (1974). This he was afforded.

Affirmed.

SCHWAB, C. J., concurring.

I concur in the reasoning and the result of the majority opinion. However, I wish to state that my concurrence should not be construed as indicating that I agree with the holdings in the cases from other jurisdictions cited in the majority opinion, specifically, *Means v. Wainwright*, 299 So2d 577 (Fla 1974), *cert denied* 419 US 1116 (1975), *Monohan v. Burdman*, 84 Wash2d 922, 530 P2d 334 (1975), and *In re Prewitt*, 8 Cal3d 470, 474, 105 Cal Rptr 318, 503 P2d 1326 (1972).