Argued January 20, reversed February 17, 1976

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM VAN O'NEAL, *Appellant.*
(No. C 57953, CA 5096)
545 P2d 910

*James D. Hennings,* Metropolitan Public Defender, Portland, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This is a criminal appeal which raises an issue regarding the authority of a circuit court to initiate probation revocation proceedings after the period of probation has expired based upon a crime committed before expiration of the probationary period.

On May 25, 1970, defendant pleaded guilty to a charge of robbery by force and violence, not armed with a dangerous weapon, and was placed on probation for a period of five years.

In a May 1972 revocation proceeding the Multnomah County Circuit Court "tolled" defendant's probation for a period during which he was in federal custody and for the 11 months between issuance of the show cause order and the May 1972 hearing, thus extending his probation to an aggregate of six years eight months.

On May 3, 1975, defendant was charged with robbery in the first degree. He was convicted shortly thereafter and on the following day, June 12, 1975, an order to show cause why defendant's probation on the May 25, 1970, conviction should not be revoked was issued by Multnomah County Circuit Court. Defendant's probation was subsequently revoked and he received a sentence of 10 years on the 1970 robbery conviction which sentence was concurrent with a 10-year sentence for the May 3, 1975, robbery.

With no "tolling" of defendant's original probationary period, it would have terminated on May 25, 1975. Thus, revocation proceedings were initiated against defendant 18 days after his probation was originally scheduled to expire.

Defendant contends that the court was without jurisdiction to revoke his probation because no show cause order or arrest warrant was issued within the original five-year probationary period. We agree.

The statutory authorization for continuing a defen-

dant on probation is set forth in ORS 137.550 which, in pertinent part, provides as follows:

"(1) Subject to the limitations in ORS 137.010:

"(a) The period of probation shall be such as the court determines and may, in the discretion of the court, be continued or extended.

"* * * * *

"(2) At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. * * *"

We held in *State v. Duncan,* 15 Or App 101, 514 P2d 1367 (1973), that the five-year limitation established by ORS 137.010[1] governed the aggregate period of probation a court may impose by continuations and extensions in addition to limiting the period of probation initially imposed.

■ The state attempts to distinguish *Duncan* on the basis that the courts were responsible in that case for the excessive continuation of probation while in this case the defendant should be deemed to have "tolled" the probationary period at several junctures as a consequence of his own conduct which removed him from the court's supervision. While we are aware that the ability of the courts to supervise a probationer is vital to the purposes served by probation, we are nevertheless persuaded that the requirement that revocation

[1]The limitations in ORS 137.010 referred to in ORS 137.550(1)(a) are as follows:

"* * * * *

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years.

"* * * * *."

[ 426 ]

proceedings be initiated before expiration of the probationary period is a fair and workable rule as against the approach suggested by the state that we determine in each case whether a probationer has by his own conduct "tolled" the statutory limitation on probation. We also decline to adopt the alternative approach proposed by the state which would unnecessarily require a cumbersome case-by-case determination as to whether a court has reasonably acted within its "inherent authority" by instituting revocation proceedings after expiration of the probationary period. Moreover, even if such an approach were desirable, it is doubtful that it is permissible in view of this jurisdiction's adoption of the general rule that the sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized. *State v. Cotton,* 240 Or 252, 400 P2d 1022 (1965).

Absent specific authority to continue or to extend probation beyond the five-year limitation imposed by ORS 137.010, the continuance of probation for the extended period by the first revoking court was invalid, notwithstanding the defendant's conduct. *State v. Cotton,* supra; *State v. Duncan,* supra. Likewise, the revocation of defendant's probation and the imposition of sentence by the court below was invalid because the defendant's maximum probationary period had expired. We hold, then, that a court is without authority to revoke probation for a crime committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired. If revocation proceedings are properly initiated within the probationary period, a court may retain jurisdiction to revoke probation after the period has expired. *Bryant v. State,* 233 Or 459, 378 P2d 951 (1963); *State v. Ludwig,* 218 Or 483, 344 P2d 764 (1959).

Reversed.