Argued May 23, affirmed August 22, 1977

# STATE OF OREGON, *Respondent,*
*v.*
# MANUEL LOPEZ aka JOHNNY LOPEZ,
*Appellant.*
## (No. 97622, CA 7386)

567 P2d 1059

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.'

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Assistant Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

This is an appeal from a revocation of probation.

In August of 1970 defendant was convicted of the crime of "armed robbery"[1] and sentenced to a seven-year term of imprisonment; the execution of that sentence was, however, suspended by the court which placed defendant on probation for a period of five years. Among the conditions imposed upon the grant of probation were the requirements that defendant "obey the law and conduct himself as a law-abiding citizen," and that he refrain from "leaving the State of Oregon for the purpose of establishing residence in any other place without the written consent of the court."

When attempting to contact him in May of 1972, defendant's probation officer discovered that he was no longer residing at his last known address. Authorities had no further contact with defendant until the following October when they were notified by the Franklin County Sheriff's Office in Pasco, Washington, that he was being held in custody following his arrest for the unauthorized use of a motor vehicle. As a result of his communication with Washington authorities, defendant's probation officer also learned that defendant had been convicted of several traffic offenses in states other than Oregon including "Reckless Driving," "Failure to Stop," "Speeding" and "Driving While Intoxicated" since the commencement of his probation. Based upon this information the Lane County circuit court issued an order on November 28, 1972, noting that there existed "good and reasonable grounds" to believe defendant has violated the terms of his probation and ordered that he be brought before the court "to show cause, if there be any, why [his] probation should not be revoked and sentence imposed." Defendant was not served with the show cause order. Subsequently convicted of the offense with which he had been charged in the state of Washington,

---

[1] Former ORS 163.280.

defendant served one year in a Washington jail and was thereafter placed on probation by Washington authorities. No action was taken by Oregon officials as a result of the circuit court's "show cause" order until defendant was arrested when found to be within the state in October of 1976. In a hearing on November 19, 1976 the defendant testified that in 1972 when he was charged with a crime in the state of Washington he was "very much" aware of this pending probation revocation proceeding in Oregon. The circuit court found that the allegations incorporated into the 1972 show cause order had been established, concluded that the purposes of probation were not being served, and revoked defendant's probation ordering his original seven-year sentence into execution.

On appeal defendant argues that the court below erred in denying his "motion to dismiss" which was based on the alternative claims (1) that as a result of the four-year delay between the issuance of the "show cause" order and the commencement of the revocation hearing he had been denied his "right" to a "speedy" hearing, and (2) that the court was without authority to revoke his probation because the probationary term initially imposed had expired prior to his arrest in October of 1976.

Assuming without deciding that a defendant faced with the possibility of having his probation revoked has a constitutional right to have the matter resolved in "speedy" fashion,[2] we are satisfied that no conceivable constitutional violation occurred in this case despite the lengthy delay between the issuance of the show cause order and the hearing itself. The record discloses both that defendant made no effort to assert his "right" to a "speedy hearing" between the time he became aware of the show cause order and his arrest in October of 1976, and that he made no contention that the delay involved impaired his ability to present

[2] See, Gagnon v. Scarpelli, 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973); United States v. Marion, 404 US 307, 92 S Ct 455, 30 L Ed 2d 468 (1971); State v. Serrell, 265 Or 216, 507 P2d 1405 (1973).

evidence in mitigation of the violations charged. Absent these showings we cannot say the trial judge was in error in his findings on these fact questions. *Cf. State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977); *State v. Koennecke,* 29 Or App 637, 565 P2d 376 (1977).

With respect to defendant's claim that his probation could not be "revoked" on November 19, 1976 because the five-year period of probation to which he was subject had previously "expired,"[3] it is well established in Oregon that where the "show cause" order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired. *Bryant v. State,* 233 Or 459, 378 P2d 951 (1963); *State v. Ludwig,* 218 Or 483, 344 P2d 764 (1959); *State v. O'Neal,* 24 Or App 423, 545 P2d 910 (1976).

Affirmed.

---

[3]  "* * * * *

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years.

"* * * * *." ORS 137.010.