Argued and submitted August 21, 1989, affirmed January 31, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# GARY EUGENE STANFORD,
*Appellant.*

## (85-3141; CA A50339)

786 P2d 225

Helen L. Cooper, Salem, argued the cause for appellant. With her on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals from an order that extended and modified the terms of his probation.[1] He assigns as error that the trial court found that he had violated one of the conditions of his probation. We affirm.

Defendant is a physician who was convicted of criminally negligent homicide. ORS 163.145. The trial court placed him on probation for three years. One of the conditions of probation was that he "[o]bey all laws, municipal, county, state and federal." ORS 137.540(1)(j). Another condition was that he "report immediately to the Polk County Mental Health Clinic for evaluation and if medical, psychiatric or psychological treatment is recommended, defendant shall cooperate with and accept the treatment of the facility, to include drug and alcohol evaluation and treatment."

Pursuant to the probation condition, in February, 1986, defendant began treatment with Dr. Nance, a psychologist. However, that treatment continued for only a short time, because Nance concluded that defendant continued to deny and rationalize his behavior. Nance recommended a number of psychiatrists to defendant, and he subsequently began treatment with Dr. Hogue. A few months later Hogue concluded that defendant did not need further treatment and wrote defendant's attorney a letter advising him of that conclusion. Defendant's probation officer did not receive a copy of the letter until several months later. Meanwhile, the probation officer learned that defendant had been drinking beer while commuting between Dallas and Portland. In March, 1988, the probation officer went to visit defendant and found several controlled substances in defendant's brief case. Defendant did not have a prescription for those medications but admitted that he had been taking them. He subsequently got a prescription from Hogue for one of the medications.

The state filed a motion to modify and extend defendant's probation, arguing that defendant had not complied

---

[1] Defendant also assigns as error the denial of his motion to set aside his conviction under ORS 137.225(1)(a) on the ground that he had completed his probation and had complied with all of its terms. However, because we hold that the trial court properly extended and modified his probation, defendant has not completed the terms of his probation and, therefore, is not entitled to have his conviction set aside.

with the conditions of his probation by discontinuing psychological treatment and by using controlled substances without a prescription. At the hearing, the trial court did not find that he had violated the condition of his probation concerning psychological treatment, because any deficiency in his treatment was caused by communication problems for which defendant should not be held responsible. The trial court did find, however, that defendant had violated ORS 475.185(3),[2] because he had used controlled substances without a prescription and that, therefore, he had violated the condition of his probation that he comply with all laws. The court consequently extended defendant's probation another two years and modified the conditions to require him to cooperate with Nance in a treatment program.

■  Defendant argues that the trial court erroneously found that he had violated ORS 475.185 and, therefore, lacked authority to modify his probation and abused its discretion by extending it, because he had not otherwise violated any condition of probation. He contends that he did not violate ORS 475.185 because, as a physician, he did not need a written prescription to dispense the drugs to himself. However, it is unnecessary to decide whether defendant's interpretation of the statute is correct, because a trial court has authority to modify conditions of probation without finding a violation of a condition of probation. ORS 137.540(6) provides: "The court may at any time modify the conditions of probation." *See State v. Jones,* 90 Or App 176, 178, 750 P2d 1211 (1988).

■  The trial court also has authority to extend probation without finding a violation of a condition of probation. ORS 137.550(1)(a) provides that "[t]he period of probation shall be such as the court determines and may, *in the discretion of the court,* be continued *or extended.*" (Emphasis supplied.) That discretion is "guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime." *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964); *State v. Jacobs,* 71 Or App 560, 565-66, 692 P2d 1387 (1984). The trial court's

---

[2] ORS 475.185(3) provides that, "[e]xcept when dispensed directly by a practitioner to an ultimate user, a controlled substance * * * which is a prescription drug, shall not be dispensed without a written or oral prescription of a practitioner."

modification and extension were directed toward defendant's rehabilitation. The court did not abuse its discretion.[3]

Affirmed.

---

[3] Although defendant's original probation period had expired on June 26, 1988, three years after his conviction, the trial court nevertheless retained jurisdiction to modify and extend probation, because the state filed its motion before that date. We said in *State v. Lopez*, 30 Or App 687, 691, 567 P2d 1059 (1977): "[W]here the 'show cause' order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired." We apply the same analysis to a probation extension.