Argued and submitted October 16, 1991, affirmed February 12, reconsideration denied April 15, petition for review denied May 26, 1992 (313 Or 300)

STATE OF OREGON,
*Respondent,*

*v.*

CASEY STUVE,
*Appellant.*

(8901105CR; CA A68985)

826 P2d 24

James J. Spindor, Klamath Falls, argued the cause and filed the brief for appellant.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals an order extending his probation and ordering restitution of $2,158. He was convicted of assault in the fourth degree. ORS 163.160. The judgment entered December 4, 1989, suspended imposition of sentence and placed him on probation for one year. One condition of probation was:

> "Restitution having been ordered, the clerk shall disburse payment to various medical providers for medical expenses incurred by the victim as a result of this assault. The amount of restitution shall be fixed according to proof."

No hearing was held to fix the amount of restitution within the one-year probationary period. On December 3, 1990, one day before probation would end, the state moved to revoke probation on the basis of two alleged violations of the probation conditions. On the same date, the court issued a warrant for his arrest. At a January 7, 1991, hearing on the probation violation, the court, without finding a violation of probation, extended defendant's probation for one year, including the condition that he pay restitution to be fixed according to proof. The amount of restitution was fixed at $2,158 at a subsequent hearing.

■ Defendant assigns error to the extension of his probation. He argues that, because there was no finding of a probation violation, the court lacked authority to extend his probation. That is incorrect. ORS 137.550(1)(a) provides that "[t]he period of probation shall be such as the court determines and may, in the discretion of the court, be continued or extended." The court has authority to extend probation without finding a violation. *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990).

■ Defendant's citation of *State v. O'Neal*, 24 Or App 423, 545 P2d 910 (1976), does not further his cause. *O'Neal* stands for the proposition that, unless a probation revocation proceeding is *commenced* within the probationary period, the court is without jurisdiction. In this case, the state's motion to revoke and the court's issuance of a warrant occurred before defendant's probation expired. Revocation proceedings were *commenced* within the probationary period. Therefore, the court had jurisdiction to enter a revocation or

extension order after the probationary period had expired. *See State v. Stanford, supra; State v. Lopez,* 30 Or App 687, 567 P2d 1059 (1977).

■ Defendant's second assignment challenges the amount of restitution. The court had already ordered restitution as a condition of probation, and that order continued when the probation period was extended. Defendant does not specifically challenge the state's proof that the victim incurred $2,158 for medical expenses.

Affirmed.