Argued and submitted November 25, 2003, affirmed March 17, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTHONY ZANE LINDQUIST,
*Appellant.*

10-97-02973; A117913

86 P3d 103

Jennelle Meeks Barton, Deputy Defender, argued the cause for appellant. With her on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals from a judgment revoking his probation. He assigns error to the trial court's denial of his motion to dismiss the probation revocation proceeding. We affirm.

Defendant pleaded guilty to the offense of felon in possession of a firearm. On November 14, 1997, he was sentenced to 36 months' probation for that offense. Thus, defendant's probation was scheduled to expire in November 2000. After an initial meeting with his probation officer, in which defendant provided his home address in Veneta, defendant allegedly failed to meet with the probation officer as required by the terms of his probation. On September 29, 1998, the trial court issued an order requiring defendant to show cause, based on that alleged violation, why his probation should not be revoked. The court issued a bench warrant for defendant's arrest the next day. However, the warrant was not served on defendant until February 23, 2002.

■■ A probation violation hearing was held on March 25, 2002. Defendant's probation officer testified that he and "a couple of Lane County deputies * * * tried a couple of times" to serve defendant with the warrant at the Veneta address and that "[a] Parole Officer * * * who at that time was a volunteer was riding with me and he and I went by several times." The probation officer did not know on what dates the service attempts occurred, but stated that the time "[w]ould have probably been between 8 and 5" because, at that time, he did not "work real late in the evening normally." Defendant's mother testified that defendant had been living at the Veneta address between the date the warrant was issued and the date of the hearing.

Defendant moved to dismiss the order to show cause. He argued that the probation violation proceeding was not timely commenced because the warrant for his arrest was not executed "without unreasonable delay" in accordance with ORS 131.135.[1] The trial court denied the motion, revoked

---

[1] ORS 131.135 provides that "[a] prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

defendant's probation, and sentenced him to a term of incarceration and 24 months' post-prison supervision.

On appeal, defendant renews the argument that he made before the trial court.[2] He asserts that the state may not "postpone serving a probation violation warrant * * * merely because it is inconvenient to serve the warrant after 5:00 p.m." Rather, according to defendant, "[w]here the state has a valid address for service of a warrant, the state must serve the warrant, even if it means serving the warrant on evenings or weekends." Defendant relies on *State v. Huskey*, 171 Or App 550, 554, 17 P3d 541 (2000), where we stated that, "[u]nder ORS 131.135, the state must undertake reasonable efforts to avoid delay in the execution of a warrant, including reasonable efforts to ascertain the whereabouts of the subject of an arrest warrant."

The state responds that, as an initial matter, even though the original term of defendant's probation had expired at the time of the probation violation hearing, the trial court retained jurisdiction to revoke defendant's probation because it had issued a show cause order and a bench warrant during the term of probation and, therefore, the probation violation proceeding was timely commenced. Alternatively, the state asserts that defendant absconded from supervision "through his failure to meet the requirements of his probation" and, thus, the period of defendant's probation was tolled. Finally, the state contends that ORS 131.135 is inapplicable because probation violation proceedings are not "prosecutions" within the meaning of that statute. Because we agree with the state's final argument, we begin and end our analysis there.

A probation violation proceeding is commenced by the issuance of a show cause order and an order for the defendant's arrest during the term of probation. *State v. Stuve*, 111 Or App 197, 199, 826 P2d 24, *rev den*, 313 Or 300 (1992). The Supreme Court has held that, "if the revocation procedure is started properly before the expiration of the term, the court

---

[2] As he did before the trial court, defendant disclaims reliance on ORS 135.747, the speedy trial statute. Accordingly, we do not address that issue.

retains jurisdiction, even though the final hearing and adjudication are after the end of the probation period." *State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959). This case presents the issue whether ORS 131.135 nevertheless imposes a temporal limit on the court's authority to adjudicate an alleged probation violation by requiring the execution without unreasonable delay of an arrest warrant issued in connection with such a proceeding. We conclude that it does not.

Even assuming that a probation violation proceeding is part of a "prosecution" for purposes of ORS 131.135, that statute nevertheless is inapplicable. Defendant's prosecution was "commenced" when a "warrant or other process [was] issued" at the beginning of the criminal action. *See Abbott v. Baldwin*, 178 Or App 289, 298, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002) (stating that "prosecution," within the meaning of ORS 131.135, refers to a criminal action). A "criminal action" is "an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony." ORS 131.005(6). A probation violation proceeding does not, by its terms, commence a criminal action because it does not accuse a defendant of a felony or misdemeanor, nor does it accuse a defendant of a "violation" within the meaning of ORS 131.005(6).[3]

ORS 161.505 defines an "offense," in part, as "either a crime, as described in ORS 161.515 [defining a 'crime,' in part, as a felony or misdemeanor], or a violation, as described in ORS 153.008." In turn, ORS 153.008 describes five ways in which an offense can constitute a violation, none of which describes a probation violation.[4] Similarly, the statutes of

---

[3] That is not to say that a probation violation proceeding is not a criminal *proceeding. See* ORS 131.005(7) (defining "criminal proceeding" as "any proceeding which constitutes a part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action").

[4] ORS 153.008 provides:

"(1) Except as provided in subsection (2) of this section, an offense is a violation if any of the following apply:

"(a) The offense is designated as a violation in the statute defining the offense.

"(b) The statute prescribing the penalty for the offense provides that the offense is punishable by a fine but does not provide that the offense is

limitations for criminal actions, ORS 131.105 to 131.155, as well as the definitions provided in ORS 131.005, do not refer to probation or probation violations. For example, although ORS 131.125 enumerates specific felonies and misdemeanors and refers generally to "violations," it does not refer to "probation" or to ORS 137.520 to 137.630, the probation statutes. *See* ORS 131.125(2), (3), (6). Thus, notwithstanding the legislature's use of the term "violation" in ORS chapter 137, pertaining to probation and other types of sentences, it appears that the legislature used that term in a different sense in other provisions of the Criminal Code, including ORS 131.005(6), namely, to refer to a class or category of offense. *See Springfield Utility Board v. Emerald PUD*, 191 Or App 536, 549-51, 84 P3d 167 (2004) (stating principle that the same term can have different meanings in different statutory contexts).

Supporting that understanding is the fact that, unlike other statutes setting out offenses, the probation statutes do not describe a probation violation as a violation or a particular class of violation. *See, e.g.*, ORS 163.197 (classifying hazing as either a Class A or Class B violation depending on who committed the violation); ORS 164.383(2) ("Unlawfully applying graffiti is a Class A violation."). Rather, the probation statutes establish a separate scheme of sanctions altogether. *See* ORS 137.595 - 137.596. Indeed, whereas a person can be imprisoned upon revocation of probation, imprisonment is not a lawful sanction for the offense category of "violation." *See* ORS 153.008(1)(b); ORS 153.018(1) ("The penalty for committing a violation is a fine. The law creating a violation may impose other penalties * * * but may not impose a term of imprisonment."). Further, the focus of a probation violation proceeding need not be whether a person

punishable by a term of imprisonment. The statute may provide for punishment in addition to a fine as long as the punishment does not include a term of imprisonment.

"(c) The offense is created by an ordinance of a county, city, district or other political subdivision of this state * * *.

"(d) The prosecuting attorney has elected to treat the offense as a violation * * *.

"(e) The court has elected to treat the offense as a violation * * *.

"(2) Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

has committed new criminal conduct but, rather, whether the purposes of probation are being served or the terms of probation have been violated. *Cf. State v. Eckley*, 34 Or App 563, 567, 579 P2d 291 (1978) ("The function of [a probation violation] proceeding is not to punish defendant for a new crime. Indeed, acquittal of a new crime does not bar probation revocation based on that crime[.]").

To summarize, the initiation of a probation violation proceeding does not commence a prosecution for purposes of ORS 131.135 because a probation violation proceeding does not accuse a defendant of a felony, misdemeanor, or violation within the meaning of ORS 131.005(6). Accordingly, the state was not required to establish that it complied with ORS 131.135 by executing without unreasonable delay the warrant for defendant's arrest that was issued based on the order to show cause. It follows that the trial court did not err in denying defendant's motion to dismiss the proceeding.[5]

Affirmed.

---

[5] Because defendant relies solely on ORS 131.135, we need not consider whether any other temporal constraint limits a court's authority to adjudicate a probation violation proceeding.