Argued and submitted February 22, reversed July 25, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID CHARLES VANLIEU,
*Defendant-Appellant.*

Marion County Circuit Court
00C53183; A146157

283 P3d 429

Alice Newlin-Cushing, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.*

BREWER, P. J.

---

* Haselton, C. J., *vice* Gillette, S. J.

**BREWER, P. J.**

Defendant appeals a judgment revoking his probation. He argues that, because the trial court did not issue a warrant for his arrest during the designated term of his probation, the court lacked authority to revoke his probation after the expiration of that term. Alternatively, defendant argues that, because the judgment revoking his probation was based solely on conduct that occurred after the expiration of the designated term of probation, the trial court erred in entering it. Although we reject defendant's first argument, for the reasons that follow, we conclude that, in the circumstances of this case, the trial court lacked authority to revoke defendant's probation based solely on conduct that occurred after the expiration of his designated probationary term. Accordingly, we reverse.

In January 2001, defendant was convicted of criminal mischief in the first degree and unlawful possession of a controlled substance. The trial court imposed 18-month probationary sentences on those convictions. On July 7, 2002, the court issued an order that extended defendant's probation on each conviction for an additional six months, to January 8, 2003. On December 27, 2002, the court issued an order to show cause alleging that defendant had violated the terms of his probation by failing to pay court-ordered financial obligations. The order did not direct the issuance of an arrest warrant, but it did provide, "Defendant cited into court on 12/30/02 at 9:30."

On December 30, 2002, defendant appeared before the court and was arraigned on the show-cause order, the court appointed counsel to assist him, and the hearing on the order was continued to February 7, 2003. When defendant failed to appear on that date, the court issued a warrant for his arrest.

In March 2003, defendant was arrested on that warrant. He appeared in court on April 1, 2003, and was arraigned. At that time, the show-cause hearing was again rescheduled, this time to August 7, 2003. When defendant again failed to appear, the court issued another warrant for his arrest. Almost seven years later—in April 2010—defendant was arrested on the August 2003 warrant.

On April 19, 2010, defendant appeared in court, and the court appointed counsel to represent him. The court then amended the show-cause order to add new allegations that defendant had violated the conditions of his probation based on conduct that had occurred after January 8, 2003.

On June 25, 2010, the case finally came before the court for hearing on the amended show-cause order. Defendant filed a motion to dismiss, in which he contended (1) that the court lacked jurisdiction to proceed on the probation violation allegations because the court had not issued an arrest warrant before January 8, 2003, the date on which his probation was set to expire; and (2) that, in any event, the court did not have authority to revoke his probation based solely on misconduct that occurred after January 8, 2003. The trial court denied defendant's motion. Defendant then stipulated that he had committed the acts alleged in the amended show-cause order, but not the sole act alleged in the original show-cause order. The court found that defendant had violated the conditions of probation by committing several of the newly added allegations, and it revoked his probation. Significantly, the court did not find, as was alleged in the original show cause order, that defendant had failed to pay his court-ordered financial obligations.

On appeal, defendant reiterates the two issues that he had raised in his motion to dismiss, namely, (1) that the court lacked jurisdiction to revoke his probation because it did not issue an arrest warrant before January 8, 2003; and (2) that the court erred in revoking his probation based solely on misconduct that occurred after January 8, 2003. We address those arguments in the order made.

In *State v. Lindquist*, 192 Or App 498, 501, 86 P3d 103 (2004), we stated that "[a] probation violation proceeding is commenced by the issuance of a show cause order and an order for the defendant's arrest during the term of probation." *See also State v. Stuve*, 111 Or App 197, 199, 826 P2d 24, *rev den*, 313 Or 300 (1992). From that statement, defendant distills the purported rule that the issuance of both a show-cause order and an arrest order are prerequisites to the commencement of a probation revocation proceeding that preserves the court's authority

to sanction a probation violation after the expiration of a probationary period. Defendant is mistaken.

If a probation violation proceeding is commenced before the probationary period is set to expire, the trial court retains authority to hold a hearing on the charged violation after the date on which the probationary term would have expired. In *Bryant v. State of Oregon*, 233 Or 459, 378 P2d 951 (1963), the Supreme Court reviewed a judgment entered in a post-conviction proceeding. In the underlying criminal case, the district attorney had filed a motion alleging that the petitioner had violated the conditions of his probation. In April 1953, the trial court ordered the issuance of an arrest warrant; the petitioner was finally arrested on the warrant in Texas in August 1959. *Id.* at 462-63. The petitioner argued that the trial court had lost jurisdiction to revoke his probation because the maximum five-year probationary period had expired in the interim; he contended that it was not sufficient for the court to issue the arrest warrant "but that the fugitive must also be arrested during that time." *Id.* at 462. In rejecting the petitioner's argument, the Supreme Court reaffirmed its holding in *State v. Ludwig*, 218 Or 483, 344 P2d 764 (1959), that the issuance of an arrest warrant during the probationary period "preserved [the trial court's] jurisdiction to proceed with the pending matter as soon as the warrants could be executed." *Bryant*, 233 Or at 464. Although the court held in *Bryant* that the issuance of the arrest warrant was sufficient to preserve the trial court's authority to revoke probation, nothing in the opinion suggests that issuance of an arrest warrant is the only permissible way to do so.

In *State v. O'Neal*, 24 Or App 423, 427, 545 P2d 910 (1976), this court relied on *Ludwig* and *Bryant* for the proposition that, when "revocation proceedings are properly initiated within the probationary period, a court may retain jurisdiction to revoke probation after the period has expired." However, we held that the revocation in that case was erroneous because the trial court had not issued the initiating show cause order until after the defendant's probation already had expired by operation of law. *Id.*

In *State v. Lopez*, 30 Or App 687, 567 P2d 1059 (1977), the defendant was initially sentenced to a five-year

probationary term in 1970. In November 1972, the trial court issued a show cause order that alleged various probation violations. The defendant left the state and did not return until October 1976, when he was arrested. The court held a probation violation hearing in November 1976 and revoked the defendant's probation. *Id.* at 689-90. On appeal, we rejected the defendant's contention that the trial court lacked jurisdiction because the five-year probationary period had expired. Citing *Ludwig, Bryant,* and *O'Neal,* we held that "it is well established in Oregon that where the 'show cause' order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired." *Lopez,* 30 Or App at 691. Significantly, we did not discuss whether an arrest warrant may have been issued based on the show-cause order; instead, we expressly held that the issuance of the show-cause order itself was sufficient to preserve the trial court's authority to revoke the defendant's probation after his term of probation had expired.

In *Stuve,* the case upon which defendant principally relies, the state filed a motion to revoke the defendant's probation, and the court issued a warrant for his arrest within the original one-year probationary period. 111 Or App at 199. A hearing was held on the state's motion after the original probation expiration date, and the court extended the defendant's probation for another year. On appeal, we rejected the defendant's reliance on *O'Neal* for the proposition that the trial court lacked authority to revoke his probation:

> "*O'Neal* stands for the proposition that, unless a revocation proceeding is commenced within the probationary period, the court is without jurisdiction. In this case, the state's motion to revoke and the court's issuance of an arrest warrant occurred before defendant's probation expired. Revocation proceedings were commenced within the probationary period. Therefore, the court had jurisdiction to enter a revocation or extension order after the probationary period had expired."

*Stuve,* 111 Or App at 199-200 (emphasis omitted). Nothing in *Stuve* suggests that it was necessary for the trial court to

issue an arrest warrant in order to commence the probation violation proceedings. Rather, we merely held that the issuance of the warrant was sufficient to commence the proceedings, even if, by itself, the state's motion to revoke was insufficient to do so.

In *Lindquist*, the trial court imposed a 36-month term of probation in November 1997. 192 Or App at 500. In September 1998, the court issued both a show-cause order and an arrest warrant based on an alleged probation violation. However, the defendant was not arrested on the warrant until February 2002. The defendant moved to dismiss the probation violation proceeding on the ground that the warrant was not executed in a timely manner. The trial court denied the motion and revoked his probation, and the defendant appealed. *Id.* We affirmed, concluding that the revocation proceeding was timely commenced. We cited *Stuve* for the proposition that "[a] probation violation proceeding is commenced by the issuance of a show cause order and an order for the defendant's arrest during the term of probation." *Id.* at 501. We also rejected the defendant's argument that ORS 131.135, which provides that a "prosecution is commenced when a warrant * * * is issued, provided that the warrant * * * is executed without unreasonable delay," applies to an arrest warrant issued on a show-cause order, concluding that a probation violation proceeding is not a "prosecution." *Lindquist*, 192 Or App at 503-04. Again, nothing in *Lindquist* suggests that it was necessary for the trial court to issue an arrest warrant in order to commence the probation violation proceeding. Rather, we concluded, as in *Stuve*, that the revocation proceeding was timely commenced by the issuance of an arrest warrant during the probationary period.

Finally, in *State v. Miller*, 224 Or App 642, 199 P3d 329 (2008), the defendant's probationary period was set to expire on November 8, 2005. On that date, the district attorney filed a motion to revoke the defendant's probation, but the trial court did not issue an arrest warrant until November 15. *Id.* at 644. The trial court ruled that the proceedings were timely because the defendant's probationary period previously had been extended by operation of law when he absconded from supervision. On appeal, we relied on *Lopez*

for the proposition that, when "a circuit court commences a revocation proceeding during a defendant's period of probation, through a show cause order or a bench warrant, the court retains jurisdiction over the defendant even after the probation ends." *Id.* at 645. However, we concluded that the term of the defendant's probation was not extended when he absconded and, thus, it expired by its terms on November 8, 2005. Accordingly, we held that the issuance of the arrest warrant on November 15 was too late to commence the probation violation proceeding. *Id.* at 645-48.

In sum, in cases where the trial court simultaneously issued a show-cause order and an arrest warrant, those orders were sufficient to timely commence a probation violation proceeding if they were issued during the probationary period. *See, e.g., Ludwig*, 218 Or at 492; *Lindquist*, 192 Or App at 500; *O'Neal*, 24 Or App at 427. In other cases, such as *Bryant, Stuve,* and *Miller,* the trial court apparently issued only an arrest warrant and not a separate show-cause order; in those circumstances, the courts held that the warrant alone was sufficient to commence the proceeding if it was issued during the probationary period. And in *Lopez*, which is closest on its facts to this case, we held that the issuance of a show-cause order within the probationary period was sufficient to commence the proceeding, without any reference to issuance of an arrest warrant.

In short, the foregoing cases belie defendant's assertion that, "for the purposes of preserving trial court jurisdiction to revoke probation after the expiration of the probationary term, * * * 'proper initiation' of probation revocation proceedings requires issuing both a show cause order and an order for defendant's arrest." To the contrary, as we concluded in *Miller*, when the trial court commences a revocation proceeding during a defendant's term of probation, "through a show cause order *or* a bench warrant, the court retains jurisdiction over the defendant even after the probation ends." 224 Or App at 645 (emphasis added).

To be sure, ORS 137.545(2) and (8) authorize a trial court to issue an arrest warrant based on allegations that the defendant has violated his probation; in such circumstances, "the court may issue a warrant." But nothing

in the statutory scheme either requires a court to issue a warrant or provides that a probation violation hearing cannot be held unless and until a warrant issued. As noted, this court expressly held in *Lindquist* that a probation violation proceeding is not a separate "prosecution" that is subject to ORS 131.135. And defendant does not identify any purpose that would be served by requiring the issuance of an arrest warrant in addition to an order to show cause in every probation violation proceeding. There is no lawful basis for the imposition of such a requirement. Accordingly, we conclude that the probation violation proceeding in this case was properly commenced by the trial court's issuance of the order to show cause on December 27, 2002, before the probationary period was scheduled to expire on January 8, 2003.

In his alternative argument, defendant asserts:

> "Even if this court were to conclude that the December 2002 order to show cause preserved the trial court's jurisdiction to revoke probation beyond the probation expiration date, that order did not suffice to extend probation itself. And, a court does not have authority to revoke probation based [on] conduct occurring after the probation term expires, or in other words, when the defendant is not on probation. *See* ORS 137.540(6) (failure to abide by the conditions of probation may result in arrest, modification or revocation of probation). Accordingly, even if it retained jurisdiction, the court nonetheless lacked authority to revoke probation based on defendant's conduct occurring after probation expired on January 8, 2003."

The state responds that defendant's argument must fail because his premise is wrong. The state relies on the Supreme Court's holding in *Bryant* that, "[a]fter violating his probation, the petitioner cannot be heard to say that his probation continued until terminated by the passage of time." 233 Or at 464. That is, according to the state, issuance of the show-cause order was sufficient of itself to preclude defendant's probation from expiring "by the passage of time." For the reasons that follow, in these particular circumstances we reject the state's argument.

An extension of probation, like a decision to revoke probation, is a deliberate judicial act; it is not the automatic consequence of the issuance of a show-cause order to revoke

a defendant's probation. ORS 137.545(1)(a) provides that "[t]he period of probation shall be as the court determines and may, in the discretion of the court, be continued or extended." Under that statute, a court may extend probation without finding a violation of a condition of probation if, in its discretion, it determines that the purposes of probation are not being served. *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990); *State v. Jacobs*, 71 Or App 560, 565-66, 692 P2d 1387 (1984).[1] In *Stanford*, we held that,

> "[a]lthough defendant's original probation period had expired on June 26, 1988, three years after his conviction, the trial court nevertheless retained jurisdiction to modify and extend probation, because the state filed its motion before that date. We said in [*Lopez*, 30 Or App at 691]: '[W]here the "show cause" order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired.' We apply the same analysis to a probation extension."

100 Or App at 307 n 3 (second brackets in *Stanford*).

In this case, unlike in *Stanford*, the state did not move to extend the defendant's probation at any time; nor did the trial court exercise its discretion to do so. Instead, by issuing a show cause order to commence a probation violation proceeding before defendant's probationary period expired, the court reserved its authority to adjudicate and sanction the violation that the state alleged. But, without extending defendant's probation, the court's reserved authority was limited. As the court observed in *Bryant*, when a defendant has violated the terms of his or her probation during the probationary term, "the [defendant] cannot be heard to say that his probation continued until terminated by the passage of time." 233 Or at 464. But that is not the circumstance here. The trial court did not find that defendant violated any term of his probation before the probationary period expired. Instead, the trial court revoked

---

[1] In addition, OAR 213-005-0008(2)(a) authorizes a sentencing judge to "extend the length of probation [for a felony] subject to OAR 213-005-0008(2)(e) upon finding a violation or violations of the conditions of probation or when necessary to ensure that the conditions of probation are completely satisfied." That rule is not implicated here.

defendant's probation based solely on acts that occurred after his probationary period had expired.

The state cites no authority, and we have found none, to support the proposition that the institution of probation violation proceedings automatically extends a defendant's probationary period beyond its scheduled expiration date, except—where revocation proceedings are timely commenced—for the limited purposes of adjudicating and sanctioning a violation that occurred before the expiration of the probationary period.[2] If the state were correct, a defendant's probationary term would automatically be extended by the mere filing of a show-cause order, even if the allegation of a violation were meritless. There is no indication that the legislature contemplated such a possibility. Instead, the legislature conferred authority on trial courts to deliberately extend probation. The trial court did not exercise its discretion to do so in this case, nor did it find that defendant violated the terms of his probation before it was set to expire. In those circumstances, the court lacked authority to revoke defendant's probation based on misconduct that occurred after his probationary period had expired.

Reversed.

---

[2] A probationary term may be "tolled" in one circumstance. ORS 137.010(4) provides, in relevant part, that "[t]ime during which the probationer has absconded from supervision and a bench warrant has been issued * * * shall not be counted in determining the time elapsed" on the probation sentence. The state does not assert that defendant absconded from supervision before his probationary period was set to expire.