Argued and submitted June 27, sentence of Nearing vacated, sentence of Heath
modified November 12, 1986

STATE OF OREGON,
*Respondent,*

*v.*

BRIAN ELTON HEATH,
*Appellant.*

STATE OF OREGON,
*Respondent,*

*v.*

MARY BETH NEARING,
*Appellant.*

(8407 1540m; CA A38367)

728 P2d 68

Glenda L. Green, Albany, argued the cause and filed the brief for appellants.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendants appeal, for the second time, the sentences imposed after their convictions of disorderly conduct. ORS 166.025. Both of them entered no contest pleas and, on November 29, 1984, were given jail sentences, which were suspended, and were placed on probation, Heath for 12 months and Nearing for six months. Two of the conditions were that they pay restitution in a stated amount and that they not enter the Pyramid Creek area or interfere with logging operations relating thereto.

On the first appeal, *State v. Heath,* 75 Or App 425, 706 P2d 598 (1985), we held that the order to pay restitution was invalid and that the other special condition was not supported by the record. We vacated the sentences and remanded to allow the trial court to develop a factual basis for imposing the special condition requiring defendants to stay out of the Pyramid Creek area. That decision was handed down on October 2, 1985, when the original sentence of six months probation for Nearing had already expired.

On December 3, 1985, the trial court resentenced each defendant to 12 months probation with the same special condition requiring them not to enter the Pyramid Creek area. Because Nearing's original sentence of six months probation had already expired, it was error to resentence her. Because we vacated the sentence of Heath before his original probationary term had expired, the court could resentence him. However, it was error to resentence him to 12 months probation without giving him credit for the time he had already served. As the sentence stands, it penalizes him for exercising his right of appeal. *See State v. Turner,* 247 Or 301, 429 P2d 565 (1967). Although the trial court has general authority to continue or extend the period of probation, ORS 137.550(1)(a), that is not what happened here.

With respect to the special condition imposed on Heath requiring him to stay out of the Pyramid Creek area, the trial court on resentencing reasonably related it to the offense and to the needs of making probation effective. *State v. Age,* 38 Or App 501, 590 P2d 759 (1979). The court stated that Heath's statements indicated that he was strongly convinced that the logging operations in the Pyramid Creek area were wrong and should be stopped and that he was not willing

to accept that court's order, or that of the federal court, that he not enter the area.

Sentence of Nearing vacated; sentence of Heath modified to give credit for time served on probation before he was resentenced.