Argued and submitted September 22, affirmed November 12, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES M. KARUSSOS,
*Appellant.*

## (C-85-03-30853; CA A38757)

728 P2d 559

Stephen E. Lawrence, Portland, argued the cause for appellant. With him on the briefs was Richardson, Murphy & Lawrence, Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant pled no contest to a charge of sexual abuse in the first degree. ORS 163.425. The original judgment made no reference to the portion of the petition to enter a plea of no contest in which defendant agreed to pay the costs of any necessary counseling for the victim. That judgment was later amended *nunc pro tunc* to require defendant to pay those costs. Defendant appeals the entry of the amended judgment. We affirm.

The relevant portions of defendant's petition to enter a plea of no contest provide:

"(7)    * * * The District Attorney has agreed to recommend 5 years probation w/counseling if PO agrees necessary; [to] *pay for any counseling costs for [the] victim* and otherwise will take no position other than providing Police Reports and other factual information as requested by the Court. I FULLY UNDERSTAND THAT THE ACTUAL SENTENCE IS UP TO THE COURT, NO MATTER WHAT ANY RECOMMENDATIONS MAY BE.

"* * * * *

"(12)   I declare that no government agents have made any promises that I will receive a lighter sentence, probation, or any other form of leniency if I plead 'NO CONTEST,' other than the District Attorney as set forth in Paragraph 7, except: *I may review any counseling recommendations for [the] victim if I object.*" (Emphasis supplied.)

When defendant entered his plea, the deputy district attorney advised the court:

"We have a specific recommendation to the Court for a five-year formal probation to complete a counseling program if the Defendant's probation officer feels that is needed and appropriate and *also to pay for any counseling costs of the victim in this case, if there are any. If there are any, we would notify defense counsel and set a restitution hearing at a later date.*" (Emphasis supplied.)

The court imposed sentence:

"THE COURT:   I am going to suspend imposition of sentence in this matter and place you on five years formal state probation. Now, if your probation officer indicates that counseling for you is necessary, I want you to follow their instructions in that regard.

"THE DEFENDANT: Okay.

"THE COURT: All right, *and if [the victim] needs any counseling or otherwise and there is a cost involved there, you will be responsible for that,* Mr. Karussos. You understand what I am saying?

"THE DEFENDANT: Yes.

"[COUNSEL FOR DEFENDANT]: Your Honor, I think the reason he hesitated, we had some discussion about if we had a question about the recommendation of the counselor what we could do about that, but I will advise him on that at a later time. *He understands he will have to pay for any legitimate counseling cost for counseling needs for the victim.*" (Emphasis supplied.)

The original judgment made no reference to the payment of the costs of the victim's counseling. It was later amended by adding the following probation condition:

"3) that the defendant will be responsible for any counseling, or if there is otherwise a cost involved, for the victim in this matter, [victim's name]. If so, a restitution hearing may be set at a later date."

After a later hearing, at which defendant contested the counseling required to treat the victim and the cost of that counseling, the court entered a second amended judgment that ordered him to pay the victim's counseling costs up to $2,860.

■ Defendant contends that the payment of the counseling costs could not be added after the original judgment was entered. He also characterizes the requirement to pay counseling costs as restitution and claims that the state failed to present the amount thereof before or at the time of sentencing as required by ORS 137.106(1), which provides:

"When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

Although payment for the victim's counseling falls within the definition of restitution in ORS 137.103, it may be imposed as a condition of probation under ORS 137.540(4):

"As a condition of probation, the court may order the defendant to pay the provider the reasonable costs of psychiatric or psychological treatment or other counseling services provided to the victim or victims and the victim's family resulting from or related to the crime or crimes of which the defendant was convicted."

There is no merit to defendant's argument that, as a condition of probation, payment of the counseling costs could not be added after entry of the original judgment. ORS 137.540(4) contains no such limitation, and ORS 137.540(6) authorizes the court to modify the conditions of probation, including orders for restitution, at any time. *State v. Dickenson,* 68 Or App 283, 286, 680 P2d 1028 (1984). That is precisely what the trial court did here. The victim received no counseling until more than a month after defendant was sentenced, and it was not known until then how much counseling, if any, the victim needed. At that time, the court added the probation condition to require the payment of counseling costs and scheduled the hearing at which defendant contested the necessity and costs of the counseling.[1]

Affirmed.

---

[1] We also find merit in the state's argument that, by virtue of the accepted petition to enter a plea of no contest, defendant waived any objection to the alleged noncompliance with ORS 137.106(1). The petition and the colloquy at sentencing between the trial judge, defendant and defendant's counsel demonstrate that defendant bargained for and understood that he would be required to pay the cost of the victim's necessary counseling and that, if there were counseling, he would have an opportunity to contest its necessity and its cost. Defendant got exactly what he bargained for, and he therefore waived the requirements of ORS 137.106(1).