STATE OF OREGON,
*Respondent,*

*v.*

DONALD ALAN LINK,
*Appellant.*

(CR5-0919-20; CA A41882)

743 P2d 737

Brian J. MacRitchie, Bend, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

On March 6, 1986, defendant was convicted of guiding without a license. ORS 704.020. He was placed on probation and appealed. While the appeal was pending, the trial court held a probation revocation hearing. After finding that defendant had failed to complete his community service and to pay fines, costs, attorney fees and restitution, the court revoked probation and imposed a 90-day jail sentence.

Defendant asserts that, once a notice of appeal from a conviction is filed, the trial court has no jurisdiction over a defendant and cannot revoke probation. He also claims that, once jurisdiction is vested in the appellate court, it does not return to the trial court until an appellate judgment is issued.

The state points out that a trial court retains jurisdiction to inquire into alleged violations of probation "at any time during the probation period." ORS 137.550(2). We agree. Although the Court of Appeals has jurisdiction of the case on appeal, the trial court retains authority to enforce the judgment through a probation revocation hearing. In *State ex rel Dillavou v. Foster,* 273 Or 319, 323-324, 541 P2d 811 (1975), the court held that "filing an appeal has no effect on probation status when imposition of sentence has been suspended." That being so, the trial court retains all of its powers to enforce the conditions of probation.

Even though the validity of a condition of probation is the subject of an appeal, a probationer disobeys that condition at peril. *State v. Nearing,* 78 Or App 72, 714 P2d 630 (1986). He remains subject to the trial court's supervision and accountable for conduct during the pendency of an appeal. *See State v. Young,* 1 Or App 562, 569-70, 463 P2d 374, *rev den* (1970).

Affirmed.