Argued and submitted August 19, 1987, affirmed March 9, 1988

STATE OF OREGON
*Respondent,*

*v.*

JACK DAVID JONES,
*Appellant.*

(86-15699-C; CA A43633)

750 P2d 1211

Tom Dzieman, Medford, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals from a judgment which was entered on March 4, 1987. On February 18, 1987, defendant had pleaded guilty in district court to the misdemeanor of driving under the influence of intoxicants. ORS 813.010. The court suspended imposition of sentence and placed defendant on probation for three years, on conditions that included that he complete an alcohol evaluation and treatment program, pay a fine of $532 and serve 30 days in the county jail. The court also ordered that defendant report to jail on February 20, 1987.

Defendant paid the fine and contacted the local probation department. The court learned, however, that defendant had two prior DUII convictions in California of which the prosecuting attorney and defendant's counsel were both unaware. On its own motion, and before defendant reported to jail, the court informed the parties that it would resentence defendant. The court heard the matter on March 4. At that time, defendant had still not reported to jail.[1] Over objection, the court reimposed the terms of February 18, 1987, except that it increased the jail time to 120 days.[2]

Defendant asserts only that the court lacked statutory authority for its March 4 action. Although defendant had not violated the conditions of probation, the court on these facts had statutory authority to modify the condition of probation for confinement to the county jail. ORS 137.540(2)(a) provides that a court may impose as a special condition of probation that the probationer shall

> "[b]e confined to the county jail * * * for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

ORS 137.540(6) provides that the court "may at any time modify the conditions of probation." The court acted within its authority.

---

[1] *See* ORS 137.010(4); ORS 137.124(1) and (3).

[2] Although the court recited that it "resentenced" defendant on March 4, it had previously suspended imposition of sentence and placed defendant on probation. On March 4, it simply repeated its action but modified a condition of probation.

Affirmed.