Argued and submitted June 17, 1987, reversed and remanded March 9, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY RICHARD PARKS,
*Appellant.*

(10-82-09941; CA A38999)

751 P2d 1115

Diane L. Alessi, Salem, argued the cause for appellant. On

the brief were Gary D. Babcock, Public Defender, and Ernest E. Estes, Deputy Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for assault in the second degree. ORS 163.175. This case is before us for the second time. In *State v. Parks,* 71 Or App 630, 639 P2d 657 (1985), we reversed defendant's conviction and remanded for a new trial because the court erred in admitting evidence. Here, defendant assigns as errors that the court (1) allowed his appointed counsel to withdraw and denied his motions for court appointed counsel and (2) suspended imposition of sentence and placed him on probation for five years. We reverse.

After defendant's first conviction, the court sentenced him to five years in prison. He began to serve that term during the pendency of his first appeal. He did not serve his full term in prison but was released on parole. Subsequently, the Board of Parole discharged him from parole. Thereafter, we reversed his conviction.

Before his first trial, the court found that defendant was indigent and appointed counsel represented him at trial. ORS 135.050. That attorney resumed representation of defendant before the second trial. Before trial, however, the attorney moved to withdraw, on the basis of a conflict of interest. Defendant objected to his attorney's withdrawal, but the court granted the motion. At the hearing on that motion, the court asked defendant if his financial circumstances were the same as when the attorney was first appointed. Defendant answered affirmatively. The court then directed defendant to report to the custody referee's office. He did so and filled out a financial statement. ORS 135.050(1)(c).[1]

On May 8, and again on June 24, 1985, Judge Beckett denied defendant's motions for appointed counsel. On September 16, 1985, defendant again moved for appointed counsel. Judge Hargreaves denied the motion. The record does not disclose the basis of his ruling. Judge Foote, the trial judge,

---

[1] On May 8, 1985, ORS 135.050(1)(c) stated, in part:

"(1) Suitable counsel for a defendant shall be appointed by a magistrate if:

"* * * * *

"(c) The defendant provides to the court in writing a verified financial statement and any other information in writing and under oath that the court may require or that the defendant desires to submit relating to the defendant's financial ability to obtain counsel."

again denied defendant's motions to have court appointed counsel before and during trial, because the question had already been ruled on. Defendant defended himself at trial.

We review the denial of a motion for appointed counsel for abuse of discretion. *State v. Gordon,* 43 Or App 511, 603 P2d 1196 (1979), *rev den* 288 Or 571 (1980). Defendant's appellate counsel discovered that the financial information submitted and sworn to by defendant was not part of the trial court file. The custody referee's office told him that the documents had been destroyed after sentencing. The state does not assert that the custody referee's office did not destroy the original documents. Upon further inquiry of defendant's counsel, the custody referee's office sent him copies of some of the financial statements furnished by defendant. We allowed counsel to submit those copies to supplement the record on appeal. The copies, however, appear to be incomplete. Moreover, we cannot tell from them or the rest of the record whether that is the information or all of the information on which the judges relied in exercising their discretion.[2]

■ Because the record is incomplete, we are unable to determine whether the court abused its discretion when it refused to appoint counsel. Defendant, as the appellant, would ordinarily be responsible for establishing the record on appeal. *See, e.g., Reeder v. Kay,* 276 Or 1111, 1115, 557 P2d 673 (1976). He should not be penalized, however, if the record is incomplete because the state destroyed portions of it. Accordingly, we must vacate the judgment of conviction.

■ Defendant also assigns as error that the court sentenced him to five years probation. We address this assignment, because it affects the disposition of defendant on remand, as we describe more fully below. Defendant had

---

[2] In response to defendant's in-court statement that he did not receive a hearing "as mandated by *Kirschbaum* [*v. Abraham,* 267 Or 353, 517 P2d 272 (1973)]," the prosecuting attorney stated:

"Dan McCoy, who is the release assistance officer and appointed by the Court, had the defendant fill out a financial questionnaire which is in the file, dated April 24, 1985, which asks for financial data. And the Court did, in fact, have that kind of a hearing. They had an officer do that hearing and a decision was made."

The materials submitted to supplement the record, however, include a sworn statement in addition to the "questionnaire" of April 24, 1985.

served his sentence following his first conviction, first in prison, then on parole, until the Board of Parole discharged him from parole. He contends that *any* additional sentence punishes him for having appealed his conviction. The state concedes that defendant must be given credit for time served, but it argues that, because he had not served his entire sentence in jail, the court could have resentenced him to five years imprisonment following his reconviction, with credit only for time served in incarceration. It also argues that the court did not err, because five years probation is a less harsh sentence than a five-year prison term.

If a defendant successfully appeals, no sentence can be imposed on retrial that is harsher than the first sentence. Moreover, he cannot be sentenced to any term longer than any time still to be served on the initial sentence. *State v. Turner,* 247 Or 301, 313, 429 P2d 565 (1967); *see also State v. Heath/ Nearing,* 82 Or App 207, 728 P2d 68 (1986). Here, the Board of Parole had discharged defendant from parole on his sentence. ORS 144.310(1).[3] It issued a discharge, which provided:

> "WHEREAS, Gary Richard Parks, institutional number 46304, has faithfully complied with the conditions of parole for the required period of time;
>
> "NOW THEREFORE, the State Board of Parole, by virtue of the authority in it vested by law, does hereby discharge this person from the sentence and parole upon which this person was released 06.28.84.
>
> "DISCHARGED effective this 28th day of December, 1984."

The court erred when it suspended imposition of sentence and placed him on five years probation. It should, instead, have discharged him.

Accordingly, we vacate the judgment of conviction

---

[3] ORS 144.310(1) provides:

"When a paroled prisoner has performed the obligations of parole for such time as satisfies the State Board of Parole that the prisoner's final release is not incompatible with the prisoner's welfare and that of society, the board may make a final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made within a period of less than six months after the date of release on parole, except that when the period of the sentence imposed by the court expires at an earlier date, a final order of discharge shall be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of the sentence."

and remand for a hearing to determine whether defendant was indigent when his request for appointed counsel was denied. *See Kirschbaum v. Abraham, supra.* If the court determines that defendant was not indigent, the court shall reinstate the conviction. *See State v. Addicks,* 28 Or App 663, 669, 560 P2d 1095 (1977). If the conviction is reinstated, however, defendant must be discharged. If the court finds that defendant was indigent, he shall be entitled to a new trial. If defendant is convicted on retrial, he must, nonetheless, be discharged.[4]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[4] Because of our disposition, we need not consider defendant's argument that the court erred when it allowed his attorney to withdraw.