Argued and submitted March 28, sentences on counts 1 and 2 vacated, remanded with instructions May 30, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD EUGENE EVETT,
*Appellant.*

(10-88-01541; CA A61332)

793 P2d 880

Jay W. Frank, Eugene, argued the cause for appellant. With him on the brief was Moule & Frank, Eugene.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his convictions for kidnapping in the first degree, ORS 163.235, burglary in the first degree, ORS 164.225, and assault in the fourth degree, ORS 163.160. He argues that the trial court erred in placing him on probation for the kidnapping and burglary convictions, because it already had imposed a sentence on him for those offenses.

Following a sentencing hearing, the court issued a written "Order of Probation" that provided, in part:

"IT IS HEREBY ORDERED AND ADJUDGED that the defendant is *sentenced to pay a fine* herein in the sum of $500.00, plus Police Training Assessment thereon in the sum of $30.00, plus a Victim Assistance Assessment of $50.00 on Count 1 [kidnapping in the first degree], and $50.00 on Count 2 [burglary in the first degree].

"IT IS FURTHER ORDERED AND ADJUDGED that *imposition of further sentence is suspended and Defendant is placed on probation* to the Corrections Division of the State of Oregon for a period of five (5) years *upon the following conditions:* That the Defendant

"1)   Abide by 11 General Conditions Of Supervision attached hereto and incorporated herein;[1]

"* * * * *

"8)   Pay the fine and assessments through the Clerk of the Court on monthly installments as directed by the Probation Officer, but in any event said sums to be paid in full within three (3) years of the date of entry of this judgment." (Emphasis supplied.)

Thus, the order appeared both to place defendant on probation for the kidnapping and burglary convictions, making payment of the fine and assessments a condition of his probation, and to "sentence" him to pay the fine and assessments for the same crimes. Defendant paid the fine and assessments in full.

Defendant contends that the court erred in placing him on probation. He points out that "[p]robation is an alternative to the imposition of a sentence." *State v. McClure,* 295

---

[1] General Condition 11 required defendant to

"[p]ay fines, costs including probation costs, attorney fees or restitution or any combination thereof ordered by the Court on a schedule of payments determined by the Court."

Or 732, 736, 670 P2d 1009 (1983). Therefore, he argues, the trial court lacked authority to impose a sentence *and* probation for the same offense. Because the court already had imposed the "sentence" of paying a fine and assessments, he asserts, it erred when it also placed him on probation.

■　　As the state concedes, defendant's assertion that the trial court had no authority "to order probation and, additionally, to impose a sentence" is correct. *State v. Vasby,* 101 Or App 1, 5, 788 P2d 1024 (1990).[2] The designation and terms of the order make it clear, however, that the trial court's intent was to suspend imposition of sentence and to place defendant on probation, making payment of the fine and assessments a condition of probation. That it was authorized to do.[3] Accordingly, we vacate the sentences on counts 1 and 2 and treat payment of the fine and assessments as a condition of probation. *See State v. Vasby, supra.*

Sentences on counts 1 and 2 vacated; remanded with instructions to enter judgment not inconsistent with this opinion.

---

[2] In *State v. Vasby, supra,* 101 Or App at 5, we stated:

"[P]robation is an alternative to sentencing a convicted defendant. In other words, the authority to order probation is conditioned on the suspension of imposition or execution of any sentence. *State v. Emmich,* 34 Or App 945, 947-48, 580 P2d 570 (1978). The court therefore lacked authority to order probation and, additionally, to impose a sentence."

[3] In a memorandum of additional authorities, defendant has argued that, under *State ex rel O'Leary v. Jacobs,* 295 Or 632, 636, 669 P2d 1128 (1983), and *State v. Parks,* 90 Or App 170, 173-75, 751 P2d 1115 (1988), "the trial court's power to order probation ended once [he] paid in full the fine and assessments." In *Jacobs,* the Supreme Court noted the "well established majority common law rule [that] a trial judge's power to modify or vacate a valid sentence ends once the sentence has been executed." 295 Or at 636. The court in *Parks* relied on the principle that "[i]f a defendant successfully appeals, no sentence can be imposed on retrial that is harsher than the first sentence." 90 Or App at 174. Neither case applies to defendant's situation, because we have construed the trial court's order as an order of probation, one condition of which is payment of the fine and assessments, rather than as a sentencing order.