Argued and submitted November 13, affirmed June 3, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# TERESA RAE QUACKENBUSH,
*Appellant.*

(10-90-04416B; CA A69034)

832 P2d 1236

Michael E. Ford, Springfield, argued the cause for appellant. With him on the brief was Naslund, Budge & Ford, Springfield.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

■ Defendant was convicted of unlawful possession of a controlled substance and of endangering the welfare of a minor. ORS 475.992(4); ORS 163.575. She appeals only the condition of probation that requires her to refrain from associating with her codefendant. She had been engaged to the codefendant for some time before they were arrested, and they had had a child. She was convicted in a stipulated facts trial on January 1, 1991. Her sentencing hearing was held March 11, 1991, and judgment was entered March 15, 1991. She did not object to the imposition of the association condition at sentencing but, on April 15, she mailed a letter to the judge to request that he remove the condition and to explain that she and the codefendant had been married on March 11. She assigns error to the condition because, she asserts, "the trial court did not state its reasons for ordering defendant not to associate with [the codefendant]."[1] If that were true, the court committed an error of law.

■ As a general matter, a trial court has the undoubted authority to impose as a condition of probation that a defendant refrain from knowingly associating with a codefendant or a crime partner. ORS 137.540(2)(h)(A). However, the court must make a fact record that the condition is appropriate. *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978). The trial court made a record in this case, and it gave reasons why it found the condition appropriate.

Defendant stipulated to the facts with respect to the charge of endangering the welfare of a minor; that law enforcement officers executed a search warrant at her residence and found both her and the codefendant in possession of methamphetamine; that "the evidence seized, as well as the testimony of the experts which would be presented would prove beyond a reasonable doubt that [the codefendant] was guilty of Unlawful Delivery of the Controlled Substance-Methamphetamine, as part of * * * [a] manufacture and delivery scheme and network"; that the officers found precursor methamphetamine chemicals, methamphetamine

---

[1] Defendant also contends that the condition violates her right to enter into a contract of marriage guaranteed under ORS 137.275 and her constitutional rights under the Fourteenth Amendment, because it subjects her right to marry to the "arbitrary whims of her probation officer." That issue is moot. Defendant is married.

manufacturing paraphernalia and large quantities of methamphetamine prepackaged for wholesale sale and delivery; that officers found a radio scanner and a pager and other evidence that would show that the codefendant had been delivering drugs. Defendant's 3-month-old child was living at the residence, and defendant stipulated that testimony would show that she allowed the child to enter and remain in the residence "where unlawful activity involving controlled substances was maintained and conducted." The sentencing judge was also told that defendant had admitted that the codefendent was "dealing drugs" and that, 4 or 5 months after they were indicted, the codefendant had been shot in the leg "over problems with drug dealers."

When it imposed the sentence for the charge of endangering the welfare of a minor, the court said:

> "[Y]ou'll have to make a choice. You can be a parent or be a drug user or a drug possessor but you can't be both and you can't hang out with people possessing or selling drugs if you want to be a parent. * * * I think you're not a fit mother because you would choose to expose your young child to those drugs in that household and I think that that is outrageous. * * * I sat on a similar case where the guy was selling drugs out of his house and people went to the house to buy drugs and a six-year-old boy got shot and killed. It happens. People you're dealing with are not exactly the pillar of society and *as your boyfriend probably can attest to* and you put your child in that situation and put your child in the situation where he can get drugs." (Emphasis supplied.)

The court emphasized its concern for the safety of the child in the face of the potential for violence associated with drug dealing. The record is sufficient to sustain the association condition.

Affirmed.