Argued and submitted April 30, affirmed November 18, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# TERESA RAE QUACKENBUSH,
*Appellant.*

(10-90-04416 B; CA A70617)

841 P2d 671

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant was convicted of unlawful possession of a controlled substance, ORS 475.992(4), and endangering the welfare of a minor. ORS 163.575. The trial court sentenced her to concurrent terms of 18 months probation on each charge and 30 days in jail on the drug conviction. As one of the conditions of probation, the court ordered that defendant not knowingly associate with her codefendant, except with the permission of her probation officer. At a probation revocation hearing on June 10, 1991, the trial court found that defendant had violated that condition by marrying the codefendant on March 11. The trial court sentenced defendant to one year in the county jail, suspended execution of that sentence and extended her probation for three years on the endangering conviction. The court continued probation on the drug conviction and added a condition that defendant serve 30 days in the Lane County jail. Defendant appeals from the order on the probation violation. We affirm.

First, defendant renews the same arguments that she made on direct appeal, challenging the association condition as a violation of her statutory and constitutional right to enter into a marriage. In *State v. Quackenbush*, 113 Or App 263, 265 n 1, 832 P2d 1236 (1992), we held that her challenge was moot, because she was already married. In a related argument, defendant contends that the condition is an unlawful infringement on her right to associate with her husband. We also upheld that condition against the same challenge on direct appeal. 113 Or App at 265; *see also State v. Gilkey*, 111 Or App 303, 826 P2d 69 (1992).

■■ Defendant also argues that she cannot be found in violation of the association condition, because her contact with the codefendant, *i.e.*, their marriage, occurred on March 11, 1991, and, although she was sentenced on that day, the judgment was not entered in the record until March 15, 1991. We have held that, when it is clear from the judgment that a defendant's probation is meant to begin on the date of the sentencing, the actual date that the judgment is entered does not affect the duration of the order. *State v. Puckett*, 111 Or App 384, 385, 826 P2d 96 (1992). Similarly, when it is clear from the record that a condition of probation is to take effect

immediately, the validity of the condition does not depend on entry of the judgment.

It was proper for the trial court to consider the March 11 contact. The court made it clear that the condition that defendant not have any contact with her codefendant without the permission of her probation officer began on the date of the sentencing hearing. At the hearing, the judge told defendant to report immediately to her probation officer and "get started on these conditions." The trial court allowed defendant time before reporting to jail to move her possessions from the house that she shared with her codefendant. However, he did not allow her to postpone the probation conditions for that time. At the probation revocation hearing, defendant admitted that she knew she was not to see codefendant and that she did so later in the day of the sentencing hearing without getting permission from her probation officer. We conclude that the trial court did not err in finding defendant in violation of the association condition of probation.

Affirmed.