Argued and submitted August 27, 1999, affirmed April 19, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# JESSE TYLER ZIMMERMAN,
*Appellant.*

## (CF 00565; CA A99480)

999 P2d 547

Eric Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

In this criminal appeal, defendant challenges the sentencing court's authority to require him to pay $3,000 of a previously suspended $5,000 fine. We affirm.

Following defendant's conviction of criminally negligent homicide,[1] the trial court sentenced defendant to a presumptive term of 36 months of probation. The court also entered a money judgment ordering defendant to pay a compensatory fine of $5,500 and a noncompensatory fine of $5,000. The court, however, suspended the noncompensatory fine. The court further ordered that defendant "[p]ay fines, fees, costs, assessments, [and] restitution" as a condition of his probation.

After sentencing, defendant learned that his insurance company previously had entered into a settlement agreement with the victim's family, who had filed a wrongful death action against defendant. Defendant moved for "reconsideration" of the sentence, requesting that the sentencing court vacate the compensatory fine on the ground that the victim's family, due to the settlement agreement with the insurer, did not have a "remedy by civil action," as required by ORS 137.101(1). After a hearing on the motion, the sentencing court agreed to vacate the compensatory fine. The court further determined that, in light of that change, defendant should pay a portion of the previously suspended noncompensatory fine. Consequently, the court amended the judgment to vacate the compensatory fine of $5,500 and to suspend only $2,000, rather than all, of the previously suspended $5,000 fine.

On appeal, defendant argues that the sentencing court did not have authority to require him to pay a portion of the previously suspended fine because defendant's sentence had been executed, thus preventing any modification of the judgment. *See generally State ex rel O'Leary v. Jacobs*, 295 Or

---

[1] Defendant also was convicted of driving while under the influence of intoxicants and sentenced on that count. The issues on appeal do not implicate that sentence.

632, 636, 669 P2d 1128 (1983) (sentencing court loses juris-
diction to modify sentence once it is executed); *State v. Perry*,
140 Or App 18, 22, 914 P2d 29 (1996) (trial court lacks the
authority to modify a sentence once the defendant has
started serving the sentence"). The state responds by assert-
ing that defendant's "sentence" was the imposition of the
term of probation and that payment of the fines was merely a
condition of that probation. Thus, according to the state, the
sentencing court did not modify defendant's sentence.
Instead, the court modified the conditions of defendant's pro-
bation, which it statutorily is authorized to do. *See* ORS
137.540(4) (sentencing court "may at any time modify the
conditions of probation").

Although we agree that the sentencing court had
authority to amend the judgment as it did, our analysis dif-
fers somewhat from that offered by the state. The state relies
on *State v. Evett*, 102 Or App 37, 793 P2d 880 (1990), to argue
that the fines imposed in this case should be considered con-
ditions of probation only, not a part of defendant's sentence.
*Evett*, however, involved a sentence that was imposed before
the sentencing guidelines went into effect. At that time, pro-
bation was an alternative to a sentence and the rule, there-
fore, was that a sentencing court could not place a defendant
on probation and also impose a sentence. In *Evett*, the court
purported both to sentence the defendant to pay a fine and to
place the defendant on probation, with payment of the fine a
condition of that probation. We concluded that the obligation
to pay the fine should be deemed only a condition of the pro-
bation, not a sentence. *Id.* at 40. *See also State v. Vasby*, 101
Or App 1, 4-5, 788 P2d 1024 (1990) (because court could not
impose a sentence of restitution and also place the defendant
on probation, appellate court would give effect only to order of
probation).

■■ Probation now is a sentence for a guidelines offense.
*Holcomb v. Sunderland*, 321 Or 99, 104-05, 894 P2d 457
(1995); *State v. Hamlin*, 151 Or App 481, 487, 950 P2d 336
(1997), *rev den* 327 Or 173 (1998). The underpinning of our
older cases therefore no longer exists. At least in theory, a
fine now can be a sentence, a condition of a defendant's pro-
bation, or both. That is true in practice as well. The sentenc-
ing guidelines authorize sentencing courts to impose any

fines or assessments "authorized or required by law," in addition to a presumptive or departure sentence. OAR 213-009-0003. Under ORS 161.675(2):

> "When a defendant whose sentence requires the payment of a sum of money for any purpose is also sentenced to probation or imposition or execution of sentence is suspended, the court may make payment of the sum of money a condition of probation or suspension of sentence."[2]

Thus, contrary to the state's position, for a guidelines offense, a fine no longer must be imposed *either* as a sentence or as a condition of probation. A sentencing court may impose a fine as both.

■      In fact, the sentencing court did so in this case. The court sentenced defendant to a term of probation, entered a money judgment ordering defendant to pay a compensatory fine of $5,500, imposed and *suspended* a noncompensatory fine of $5,000, and made payment of the fines a condition of defendant's probation. Later, at defendant's request, the sentencing court vacated the compensatory fine of $5,500.[3] The sentencing court also modified the judgment by ordering that only $2,000 of the noncompensatory fine be suspended, thus requiring defendant to pay $3,000 of that fine. Those changes effectively altered *both* defendant's sentence and the conditions of his probation.

       Insofar as the sentencing court modified the conditions of defendant's probation, that change was authorized. Trial courts traditionally have had ongoing supervisory authority over a defendant's probation, including the authority to modify the conditions of probation at any time. *See generally State v. Stanford*, 100 Or App 303, 306-07, 786 P2d 225 (1990). The enactment of the sentencing guidelines did not change that. *See* ORS 137.540(4). Here, defendant learned of

---

[2] The legislature amended the statute in 1993 to refer to a defendant who is "also sentenced to" probation, instead of one who is "placed on" probation. Or Laws 1993, ch 14, § 19. The change appears to have been made specifically to conform to the changes in the sentencing guidelines provisions making probation a sentence.

[3] Below, the state did not dispute whether the compensatory fine should be vacated, and that is not an issue on appeal. For present purposes, therefore, we assume without deciding that the settlement with the victim's insurer justified vacating the compensatory fine.

the insurance settlement and brought it to the court's attention only after the court entered the original judgment in which it ordered defendant, without objection, to pay the compensatory fine as a condition of his probation. As the sentencing court observed at the hearing on defendant's motion for reconsideration, the court would not have suspended the noncompensatory fine if it had not imposed the compensatory fine.[4] By executing part of the suspended fine in response to vacating the compensatory fine, the sentencing court sought to have defendant continue to bear at least some financial responsibility for his criminal conduct. The court acted well within its authority to modify the conditions of defendant's probation in such a way as to ensure that the rehabilitative purposes of probation would continue to be served. *See State v. Jones*, 90 Or App 176, 178, 750 P2d 1211 (1988) (court entitled to modify conditions of probation based on information that became available only after defendant commenced serving probationary sentence); *State v. Karussos*, 82 Or App 248, 252, 728 P2d 559 (1986) (court entitled to modify probation to require the defendant to pay counseling costs incurred by the victim after original judgment was entered).

Insofar as the sentencing court amended defendant's previous sentence, defendant has no ground for objection. This is not a situation in which the sentencing court modified an executed sentence. As the Supreme Court observed in *O'Leary*: "The crucial term here is 'execution of sentence,'" which "means putting the sentence into effect." 295 Or at 636. Defendant's sentence of probation was put into effect at the time of sentencing because he was ordered to report immediately to the probation department. *Hamlin*, 151 Or App at 487; *State v. Quackenbush*, 116 Or App 453, 455, 841 P2d 671 (1992). But the court *suspended* the noncompensatory fine. Thus, by definition, the portion of the judgment sentencing defendant to pay the fine was not executed or put into effect. To be sure, having *imposed* and suspended the noncompensatory fine, the sentencing court may not have been free to increase the fine's amount or otherwise alter its

---

[4] Consistent with that observation, when the court originally sentenced defendant, the sentencing court stated that it would suspend the noncompensatory fine contingent on defendant's successful completion of probation, which at the time included payment of the compensatory fine to the victim's family.

substance. *See generally State v. Stevens*, 253 Or 563, 565, 456 P2d 494 (1969) (construing limitations of court's authority under prior version of ORS 137.550). But the court did not do so. The court merely required defendant to pay $3,000 of the previously imposed fine of $5,000, thus executing the fine in part. That is not a "modification" of defendant's sentence that falls within the principle upon which defendant relies. *See, e.g., State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999) (principle applicable where court increased period of incarceration from one to six months); *Perry*, 140 Or App at 22-23 (same where court amended sentences to provide that they would be served consecutively, rather than concurrently); *State v. Mossman*, 75 Or App 385, 706 P2d 203 (1985) (same where court executed previously suspended sentences but amended sentences to include minimum terms of incarceration).

■ Finally, we note that the sentencing court entered the amended judgment after defendant filed his notice of appeal. The appeal, however, did not divest the court of its jurisdiction to modify the conditions of probation or to execute the previously suspended fine. *See generally State v. Peterson*, 116 Or App 418, 841 P2d 666 (1992) (post-appeal modification of conditions of probation); *State v. Link*, 87 Or App 556, 743 P2d 737 (1987) (probation revoked and sentence imposed and executed after appeal was filed). We therefore agree with the state that it is unnecessary to examine the scope of the sentencing court's authority to modify the judgment under ORS 138.083.

Affirmed.