Argued and submitted February 9; amended judgment dated June 7, 2019, reversed, remanded for entry of amended judgment signed on February 23, 2018, September 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK WILLIAM LARSON II,
*Defendant-Appellant.*

Umatilla County Circuit Court
CR150908; A171570

497 P3d 1276

Defendant appeals from an amended judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, that was entered after resentencing. On defendant's first appeal, we vacated the portion of his original judgment imposing several fines and remanded for resentencing. *State v. Larson*, 289 Or App 60, 408 P3d 273 (2017). The trial court held a resentencing hearing on February 23, 2018, at which time it imposed and suspended fines totaling $1,855 and memorialized that in an amended judgment that was approved by the parties and signed by the judge that same day. That judgment was not entered. In June 2019, a different judge held a second "resentencing" hearing and imposed the same fines, but did not suspend them. Defendant argued that the trial court lacked authority to modify the conditions of his probation in June 2019 because he had served his sentence, including his probation, in May 2018. The state argued that defendant failed to preserve his lack of authority argument, and that his argument also fails on the merits because the February 23, 2018, amended judgment was never entered and, therefore, had no preclusive effect. *Held*: Defendant properly preserved his lack of authority argument. Defendant had served his sentence, including probation, by the time of the June 2019 hearing. The court, therefore, lacked authority to modify the terms of his sentence.

Amended judgment dated June 7, 2019, reversed; remanded for entry of amended judgment signed on February 23, 2018.

Daniel J. Hill, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Amended judgment dated June 7, 2019, reversed; remanded for entry of amended judgment signed on February 23, 2018.

**MOONEY, J.**

This is defendant's second appeal of this case. He appeals from an amended judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, that was entered after resentencing. In the original judgment, the trial court imposed the following sentence:

> "Defendant is sentenced to the custody of the Local Supervisory Authority for a period of 180 day(s); however, the execution of 120 day(s) of this incarceration is hereby suspended and defendant is sentenced to probation. If defendant violates any of the following terms or conditions of probation, the court may execute this suspended sentence."

The court imposed various conditions of probation typically associated with DUII convictions, such as alcohol treatment and including a $1,685 "fine," a $100 "bench probation assessment," a $255 "state obligation," and a $60 "mandatory state amt." On his first appeal, we vacated that portion of the judgment imposing the fine and other monetary obligations and remanded the case to the trial court for resentencing. *State v. Larson*, 289 Or App 60, 408 P3d 273 (2017) (*Larson I*).

Defendant was resentenced after a hearing on February 23, 2018, at which time the trial court imposed and then suspended fines and fees totaling $1,855. That first amended judgment was signed but not entered.[1] A different judge held a second resentencing hearing in June 2019 and imposed, *but did not suspend*, fines and fees totaling $1,855. A second "amended judgment" was thereafter signed and entered and is the basis of this appeal. Defendant now assigns error to the trial court's imposition and execution of the fines and fees, arguing that it lacked authority in June 2019 to modify those obligations because they became effective on February 23, 2018, as conditions of defendant's probationary sentence, despite lack of entry of the judgment, and, as such, were not modifiable. Defendant argues also

---

[1] There was an earlier "amended judgment" that had been entered in error and later vacated by order of the court. Because it was vacated, it is not relevant here, and we do not include it in our discussion, nor do we include it in our numbering of the post-remand amended judgments.

that, in any event, his probation had expired by the time the second amended judgment was entered, and the trial court had no authority, at that point, to execute the suspended financial obligations. The state contends that defendant did not preserve his lack of authority argument and that, even if he had, he is wrong on the merits. In particular, the state argues that "the court never had signed the orders that actually would have accomplished" suspension of the fine and fees and that the "prior tentative rulings" of February 23, 2018, "had no preclusive effect on the sentencing court at the June 2019 resentencing." And, finally, it argues that the court was simply carrying out our remand directive when it held the second resentencing hearing in June 2019 and that, therefore, the fact that defendant's probationary sentence had by then been served did not matter.

Understanding the procedural sequence of events is critical to the proper resolution of this appeal. The following chronology is drawn from the record. While defendant's first appeal was pending, and before we issued our opinion in *Larson I*, defendant was arraigned on an order to show cause regarding probation violations alleging noncompliance with payment of fines and fees and with defendant's alcohol treatment obligations. The trial court provided defendant with a new referral for treatment and scheduled a follow-up hearing.

That follow-up hearing took place on January 8, 2018, after our decision in *Larson I* was published but before the appellate judgment had been entered in the trial court's register. The trial court advised defendant and the state that it had seen the decision and it explained, correctly, that it could not act on it until it had received the appellate judgment. The court finished the status hearing and set another review hearing, leaving the show cause order pending and effectively extending defendant's probation, which was otherwise set to expire on February 23, 2018. Once the appellate judgment was received, a resentencing hearing was set for February 23, 2018.

Judge Temple, who had presided over the trial and original sentencing hearing, conducted the resentencing hearing on February 23, 2018. She asked defendant, who

appeared without counsel, about his financial and medical circumstances so that she could consider his capacity to pay fines and fees as she considered whether to impose any monetary obligations. Defendant explained that he was unemployed, had been unable to apply for disability, owed child support, was on food stamps and the Oregon Health Plan, lived with his family, and had been in an ATV accident that caused significant injuries, including a head injury resulting in memory loss. He stated that he had been compliant with his terms of probation but had not yet paid any fines or fees.

The trial court explained:

> "I'm going to amend your original sentence. You've completed essentially everything but the treatment, and you're enrolled and in good standing in the treatment right now. So I'm not going to change any of the action parts of your judgment. I'm only going to amend the monetary portions."

It then waived all fees, and imposed a $1,500 fine, which it suspended. The court prepared an amended judgment, which imposed and suspended $1,855 in fines, which included the $1,500 fine "imposed and suspended" by the court and the DUII conviction fee of $255 that was "waived" by the court, and the $100 bench probation fee that was also "waived" by the court. The judgment was printed for the parties to review, and the court answered questions about the judgment that were asked of it by both defendant and the prosecuting attorney. Once the discussion ended, the judgment was approved by the prosecuting attorney, the judge signed the judgment, and copies were distributed to the parties before they left the hearing. For reasons that are not clear, however, the judgment was not entered into the court's register.

Defendant successfully completed his probation at the end of May 2018, when the trial court received confirmation that he had completed alcohol treatment, and it dismissed the pending show cause order. At that point, defendant had completed serving his sentence. One year later, the prosecuting attorney filed a Notice of Non-compliance with Bench probation. After conducting an "administrative review," the trial court issued an order, noting that

"[p]robation is over in this case[,]" and requiring the parties to show cause why it should not enter a new amended judgment. The parties were given 10 days to file written objections or to request a hearing. Four days later, the state filed a "motion for amended judgment" requesting the court "impose a $1,500 fine, $255 DUII conviction fee and a $100 bench probation fee." Four days after that, defendant filed a written response to the state's motion for amended judgment requesting that the February 23, 2018, judgment not be amended and noting that he had fulfilled his sentence. A hearing was docketed for June 7, 2019, at the same time as a status check on a new matter involving defendant, which was before Judge Hill rather than Judge Temple. Defendant, through counsel this time, again argued that he was unable to pay the fines and fees. And defense counsel, who had not been present for the February 23, 2018, hearing, advised the court that

> "I did take a look at the amended judgment as well, that Judge Temple prepared, which does suspend all the fines. It does suspend all the legal financial obligations, which I do believe that is consistent with law.

> "And so basically this morning what we're asking the Court to do here is to find that [defendant] does not have an ability to pay, and that the Court just enter the judgment that Judge Temple filled out back in February of 2018 and for some reason was never entered."

The state, appearing by and through the same prosecuting attorney that had appeared for resentencing on February 23, 2018, contradicted defense counsel and responded that

> "the judgment—the draft judgment that was prepared was not prepared by Judge Temple. The reason it was not signed is Judge Temple did not authorize it. The State objected. It was prepared by a clerk and was never adopted by the Court. So the Court should give that zero weight."[2]

---

[2] The state's description of the judgment was not accurate. As explained in footnote 1, there was an earlier "amended judgment" that was vacated as having been entered in error, but there was no hearing associated with that judgment. Whether the prosecuting attorney was mistakenly referring to that vacated judgment is not known. But the February 23, 2018, amended judgment was signed by the court at the February 23, 2018, hearing after it received approval by the same prosecuting attorney who later appeared on June 7, 2019.

The state then argued that the court should impose a bench probation fee, a fine, and the mandatory DUII conviction fee. The trial court agreed with the state and imposed a $1,500 fine, a $255 DUII conviction fee, and a $100 bench probation fee, none of which were suspended. It found that those obligations were appropriate based on defendant's "circumstances and past history." It explained that it did "not find[] any need to exercise discretion for [defendant's] inability to pay" because "[h]e might be unemployed, but he has the ability to work. He's just not there."

As an initial matter, the state contends that defendant did not preserve his argument that the trial court lacked the authority to impose the fines and fees because his term of probation had expired. We disagree. Defendant asked the court not to amend the February 23, 2018, amended judgment when he filed his written objection to the state's motion for amended judgment because (1) he "served a term of imprisonment and fulfilled his term of probation" and (2) he "should not be penalized now because the amended judgment was not recorded properly at the time." That argument was sufficient to put both the state and the trial court on notice of the arguments that defendant now advances on appeal. *See State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011) (explaining that the purpose of the preservation requirement "ensures fairness to opposing parties, by requiring that 'the positions of the parties are presented clearly to the initial tribunal' so that the 'parties are not taken by surprise, misled, or denied opportunities to meet an argument'" (quoting *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995))).

We review defendant's claim that the trial court "failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012).

Turning to the merits, we agree with defendant that the trial court was without authority on June 7, 2019, to impose the fines and fees that it imposed. Defendant's sentence of probation became effective at the time of the original sentencing, on February 24, 2016. *State v. Hoffmeister*, 164 Or App 192, 196 n 2, 990 P2d 910 (1999). The judgment

signed on that date also required defendant to pay the fees and fines that we later vacated in *Larson I*. On February 23, 2018, when Judge Temple resentenced defendant on remand from us, she explicitly imposed and then suspended defendant's $1,500 fine and the bench probation fee, conditioning execution on violation of defendant's conditions of probation.[3] In the absence of such a violation, the fines and fees would remain suspended. The "money award" section of the written judgment that she prepared and signed at the hearing included an obligation of $0. The court tied those suspended monetary obligations to defendant's sentence of probation. It made the obligations immediately effective. The court then signed and distributed copies of the judgment. Entry was not necessary to give effect to the amended judgment because it was clear that the court intended to give immediate effect to the condition of probation that defendant would have to pay the fines and fees should he fail to comply with what remained of his sentence of probation. *See State v. Quackenbush*, 116 Or App 453, 455-56, 841 P2d 671 (1992) ("[W]hen it is clear from the record that a condition of probation is to take effect immediately, the validity of the condition does not depend on entry of the judgment.").

At the point of the second "resentencing hearing" in June 2019, defendant had completed his sentence of probation. The original date for expiration of probation was February 23, 2018. That date was necessarily extended while the probation violation show cause order remained pending—until May 22, 2018, when defendant provided proof that he had completed treatment and the court cancelled the show cause hearing. Once completed, defendant had served his sentence. In other words, his sentence had been fully executed. Although the court's suspension of the monetary obligation in February 2018 meant that *the monetary obligation* was not executed or "put into effect," the condition that

---

[3] We also understand the trial court to have suspended the $255 conviction fee. Although it is less clear that the court intended for that fee to be suspended, the record shows that, at the end of the hearing, the parties engaged in a discussion about the fees, during which the court clarified its intent to impose and suspend or waive fines and fees in the total amount of $1,855, consisting of a $1,500 fine, a $255 bench probation fee, and the $100 bench probation fee. The record, thus, demonstrates that the court intended to relieve defendant of the $1,855 in obligations so long as he did not violate the conditions of his probation.

he comply with probation to avoid having to pay those fines clearly was. Once defendant's probation period ended in May 2018, his sentence was served, and the court no longer had authority to revoke or otherwise modify the conditions of probation or to execute the fines that had been suspended in February 2018 as a compliance mechanism designed to incentivize defendant to complete treatment and, therefore, his probationary sentence. *Cf. State v. Zimmerman*, 166 Or App 635, 639, 999 P2d 547 (2000) (explaining that the court was authorized to amend the judgment to require the defendant to pay a portion of the previously suspended fine as part of its "ongoing supervisory authority" over the defendant's probation). Here, probation was over, and there was nothing left for the court to supervise. It no longer had authority to execute the fees that had been suspended in February 2018.

ORS 137.545(1)(a) provides that the period of probation is "as the court determines" and subsection (2) authorizes the court to issue arrest warrants for violations of probation "during the probation period." And, while ORS 137.540(9)(a) provides that "the court may at any time modify the conditions of probation[,]" it is evident that any modifications must be made "during the probation period." *See State v. Stanford*, 100 Or App 303, 786 P2d 225 (1990) (explaining that, because the state filed its motion to extend and modify probation before the date on which the defendant's original probation period was to have expired, the trial court retained jurisdiction to modify and extend probation); *State v. Lopez*, 30 Or App 687, 691, 567 P2d 1059 (1977) (explaining that, "where the 'show cause' order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired"). Here, neither the court's show cause order nor the state's motion for amended judgment were filed before the date on which defendant completed serving his sentence, including his sentence of probation. And there is nothing about the court's failure to properly enter the February 23, 2018, amended judgment that changes that. We therefore conclude that the proper disposition of this matter is to reverse the amended judgment dated June 7, 2019, and to remand with instructions

for the trial court to enter the amended judgment that was signed by Judge Temple on February 23, 2018.

Amended judgment dated June 7, 2019, reversed; remanded for entry of amended judgment signed on February 23, 2018.