Argued and submitted August 7, affirmed December 24, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL T. DAVES,
*Appellant.*

(9407-66302; CA A89354)

930 P2d 265

Laura Graser argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from a judgment continuing probation that was entered after a June 1995 hearing. Two matters, both arising from the same incident, were considered at the hearing: criminal charges arising from defendant's alleged violation of a restraining order and a show cause relating to defendant's probation. The trial court ruled that defendant was not guilty of violating the restraining order but that defendant had violated a condition of his probation by drinking. The judgment contains the notation: "Found in violation/use of alchohol [sic]."

Defendant argues that he could not be found in violation of his probation because the conditions of his original probation did not prohibit alcohol use. Although defendant did not object at the hearing to the court's finding, he argues that we should address the error as one apparent on the face of the record. Defendant is correct that abstaining from alcohol was not a condition of his original probation.[1] However, even assuming that defendant's claim of error is one that we may review, the error requires no remedial action. The court did not revoke defendant's probation;[2] it continued his probation. Although the court modified the conditions of defendant's probation, those modifications did not require a finding that probation had been violated. Under ORS 137.540(4), the court has the authority to modify the conditions of probation "at any time." Defendant has identified no adverse consequences about which he may complain. *See State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992) (sentencing error did not require remedial action when it could not affect actual term of imprisonment).

Affirmed.

---

[1] The original special conditions of probation were on a form and the block in front of the condition requiring abstention from alcohol was not checked.

[2] The trial court record shows that defendant's probation was subsequently revoked, not for violation of any condition imposed by the June 1995 order continuing probation but for violation of one of the original conditions of his probation.