Submitted April 2, reversed May 12, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROCHELLE LEA BAKER,
*Defendant-Appellant.*

Washington County Circuit Court
D086062M; A142260

230 P3d 969

Adam L. Dean filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendant appeals a judgment extending her probation from one year to five years, arguing, among other things, that the trial court abused its discretion by ordering the extension without a hearing and without determining that the purposes of her probation were not being served. The state asserts that the case must be remanded to the trial court because, in its view, the record does not demonstrate the basis for the court's order. We conclude that the record is sufficiently developed and that the trial court abused its discretion. Accordingly, we reverse the court's order.

On April 2, 2009, defendant pleaded guilty to telephonically harassing her former husband's girlfriend. *See* ORS 166.090. The trial court sentenced defendant to one year of probation for the offense pursuant to a plea agreement. Prior to defendant's conviction and sentencing, her former husband, May, obtained a temporary stalking protective order (SPO) against defendant. A hearing for a permanent SPO was scheduled for April 20, 2009, 18 days after defendant was sentenced. Both parties appeared for that hearing. A different judge presided over the SPO hearing than had sentenced defendant. Because the hearing was quite brief, we reproduce the hearing transcript in its entirety:

"THE COURT: This is the matter of * * * May and [defendant], [case number] C091047CV. Time and place set for a contested permanent stalking protection order hearing.

"Mr. May is present without counsel. [Defendant] is present with Mr. Dean. I have a proposal to the parties.

"MR. DEAN: Yes, Your Honor.

"THE COURT: As you know, Mr. May, [defendant] has been convicted of telephonic harassment. She is on probation and she has a no-contact order vis-a-vis you and [your girlfriend]. You are aware of that.

"MR. MAY: Yes.

"THE COURT: One option is to extend this to five years, which would provide you safety for five years and if you have a hearing and lose, you could have to pay the

attorneys fees and also, we have a lot of cases today but that's the last thing on the list.

"Would it be acceptable if I simply extended the probation for five years and kept a no-contact order vis-a-vis you and [your girlfriend] in place for that term?

"MR. MAY:   Yes, it would.

"[DEFENDANT]:   It would not be acceptable, Your Honor.

"THE COURT:   You don't have a say in it. I can do that on my own. You can object, which I guess you just did, but I'm going to do it anyway. I'll dismiss the stalking protective order and no attorney fees will apply.

"[DEFENDANT]:   I'm not allowed, Your Honor, to present the evidence?

"THE COURT:   We can call the Sheriff if you want to keep talking. Mr. Dean, did you want to say something?

"MR. DEAN:   No, Your Honor. I mean, just for the record, obviously we are concerned. We believe that there is a basis at this point for attorney fees. We believe that even the allegations presented I don't think rise to the level for a stalking protective order based on a *Rangel* analysis.

"THE COURT:   We have a *pro se* on the other side and he did the right thing, so you can file whatever motion you want, but the odds of getting attorney fees are not high. This is discretionary. You can file it and I'll rule on it if that's your wish.

"MR. DEAN:   Thank you, Your Honor. I'm going to do that. Just for the record, I know at this point we are only here on this point in terms of [case number] C091047CV.

"THE COURT:   I know.

"MR. DEAN:   So I would object to any extension of [defendant's] probation, Judge.

"THE COURT:   Your objection is overruled. We will get the paperwork and we will bring it out to you folks.

"Mr. Dean, we are doing this in a lot of these cases because—

"MR. DEAN:   I understand, Your Honor.

"THE COURT:    (inaudible) use of resources.

"MR. DEAN:    I understand."

The hearing concluded at that point. The court thereafter entered an order extending defendant's probation to five years. This appeal followed.

■        ORS 137.545(1)(a) provides, "The period of probation shall be as the court determines and may, in the discretion of the court, be continued or extended." "[A] court may revoke or modify probation for reasons other than violation of general or specific conditions if the purposes of probation are not being served." *State v. Jacobs*, 71 Or App 560, 565, 692 P2d 1387 (1984). "That discretion is 'guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.'" *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990) (quoting *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964)).

■        Defendant assigns error to the trial court's extension of her probation without a hearing and without determining that the purposes of her probation were not being served. She acknowledges both that courts have discretion to extend probation and that no Oregon law expressly requires a court to conduct a hearing before doing so, but she contends that the need for a hearing is implicit in the requirement that the court determine whether the purposes of probation are being served. Defendant also argues that due process required that a hearing be conducted. Defendant also contends that, by extending her probation, the trial court violated the plea agreement that she had entered into with the state.

In response, the state argues that a court may extend probation without holding a hearing. However, the state acknowledges that the court's discretion is limited and must be guided by considerations of public safety and rehabilitation. In the state's view, the record does not reflect how the extension of defendant's probation is connected to those considerations and thus is inadequate to allow us to determine whether the trial court properly exercised its discretion. The state asserts that we must remand the case to permit the trial court to develop a record sufficient to permit appellate review of its decision.

We reject the state's contention that we must remand for further explanation from the trial court. The problem is not that the court failed to explain the connection between its order and considerations of public safety and rehabilitation. The problem is that the court's decision was not guided by those considerations at all. The record sufficiently demonstrates the basis for the court's decision: It extended defendant's probation as a means of avoiding a hearing on the stalking protective order. Although an SPO, if issued against a probationer, certainly reflects concerns about public safety, it is impermissible to extend probation in lieu of conducting an SPO hearing altogether unless the parties have so stipulated. Here, defendant clearly objected to any extension of her probation in lieu of a hearing. In fact, she was prepared with evidence to defend against the stalking allegations. It follows that the trial court's order constituted an abuse of discretion and that the order must be reversed.

Because we reverse the order on that basis, we need not determine whether probation may be extended without a hearing or whether defendant's plea agreement precluded the trial court from extending her probation.

Reversed.