Submitted April 20, affirmed December 7, 2011, petition for review denied May 17, 2012 (352 Or 33)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SETH EUGENE LAIZURE,
*Defendant-Appellant.*

Polk County Circuit Court
08P3360; A143605

268 P3d 680

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals from a judgment extending the period of his probation and imposing community service. He assigns error to the trial court's finding that he violated two conditions of his probation, arguing that the evidence was insufficient to support that finding. The state responds that the trial court acted within its discretion in implicitly modifying defendant's terms of probation and then finding a violation of those modified terms. We affirm for a different reason than advanced by the state.

We state the facts consistently with the trial court's express and implied findings where there is evidence in the record to support those findings. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Defendant pleaded guilty to first-degree theft and was sentenced to two years of probation. His probation included the following general conditions:

> "If physically able, find and maintain gainful full-time employment, approved schooling, or a full-time combination of both. * * *
>
> "Change neither employment nor residence without prior permission from the Department of Corrections or a county community corrections agency."

In March 2009, defendant's supervising probation officer, Carol, directed defendant to change his residence. As a result, defendant moved from an adult foster-care facility on Stacey Street to an apartment on Mill Street. However, because defendant was unable to receive mail at his new Mill Street residence, he continued to use the facility on Stacey Street as his mailing address. Although defendant advised Carol that he had moved to Mill Street, he apparently failed to report that his mailing address remained on Stacey Street.

Shortly after moving, defendant was assigned a new supervising probation officer, Day. In July 2009, Day mailed a fee statement to defendant at his Mill Street address, but the mail was returned as undeliverable. Day then attempted to reach defendant through his employer, Roadway Safety Supply, but was informed that defendant no longer worked there. Day was unable to reach defendant and never had any direct contact with him. Defendant, however, left a voicemail

for Day on August 3, attempting to clarify that his mailing and residential addresses were different and reporting that he was currently employed. The following day, defendant spoke with Day's supervisor, and his mailing address was updated in the system.

Day believed that defendant had violated the conditions of his probation. Consequently, the state moved the court to revoke defendant's probation, alleging that (1) "defendant ha[d] changed residences without prior permission from [his] probation officer" and (2) "defendant ha[d] failed to find and maintain gainful employment." At the probation revocation hearing, defendant presented evidence that, although he had lost his job with Roadway Safety Supply in early July, he was currently employed by Madden Industrial Craftsmen and had been since sometime in mid to late July, after a two-week period without work. Day testified that she was solely responsible for supervising 800 probationers and that, given her workload, the probationers were on "case bank" status, which means that no home visits were conducted. Instead, there was a "requirement that the clients provide verification to the [probation officer] regarding housing and employment changes."

The trial court found that defendant had violated the conditions of his probation based on two grounds. First, regarding defendant's employment, the trial court found as follows:

> "I'm not exactly sure how these two jobs interrelate, but * * * you lost a job and you're supposed to tell the probation officer and you didn't; you're assuming they knew this other thing [with Madden Industrial]. Well, they didn't know that, from [the probation officer's] testimony. So, you were without a job or you had changed jobs or you switched jobs or you lost a job, so you're in violation there."

Second, regarding defendant's change in address, the trial court found that, although defendant was instructed to move, he was required "to keep [the supervising authority] apprised of a mailing address because * * * they need a place in which to catch and get a hold of you." The trial court continued, "So, yeah, you complied literally, but as far as the purpose of it, it [is] just sort of a deceiving thing." Thus, the trial court found

that defendant had violated his probation by failing to report a valid mailing address. The court extended defendant's probation to five years from the date of conviction, imposed 40 hours of community service, and elevated the level of his supervision from "case bank" status to active supervision.

On appeal, defendant contends that there was insufficient evidence to support the trial court's determination that he had violated the conditions of his probation. First, defendant argues that there was no evidence that he had changed his residence without permission as the state alleged. Moreover, to the extent that the trial court found a probation violation based on defendant's failure to timely report a change in his mailing address, defendant contends that there was no condition of probation requiring him to inform his probation officer of that information. Thus, according to defendant, the trial court erred in finding a violation on that basis. Second, defendant argues that there was insufficient evidence to support the state's allegation that he had failed to maintain gainful employment. Defendant asserts that, in any event, the court did not base its decision on that allegation. Instead, defendant contends, the court "found that defendant was required to tell his probation officer that he lost his job * * * [and] that defendant was in violation for failing to do so." Defendant argues that that finding is erroneous because none of defendant's conditions of probation required him to report the loss of a job.

The state responds that, "[a]lthough the requirement that defendant notify his probation officer of any changes in his [mailing address] and employment was not one of his probation conditions originally, the court was authorized to modify those conditions of probation at the probation violation hearing." According to the state, after modifying defendant's probation conditions, the court then "properly exercised its discretion in finding that defendant violated [those] modified probation conditions." In any event, the state argues, the record supports the conclusion that defendant violated the condition of probation requiring him to seek prior permission before changing his residence or employment. In the state's view, defendant's change of mailing address qualified as a change in residence, and defendant's loss of a job constituted a change of employment;

defendant did not obtain prior permission to make either change.

The state relies on *State v. Daves*, 145 Or App 443, 930 P2d 265 (1996), *rev den*, 327 Or 83 (1998). In *Daves*, the trial court found that the defendant had violated a condition of his probation prohibiting the use of alcohol. In consequence, it continued the defendant's probation with modified conditions. On appeal, the defendant argued that abstaining from alcohol was not a condition of his probation and that the trial court therefore erroneously found him in violation of probation. We agreed but held that the error required no remedial action because the trial court has the authority to modify the conditions of probation at any time, without finding a violation of probation. *See* ORS 137.540(8) ("The court may at any time modify the conditions of probation."). Because the trial court had not revoked the defendant's probation but had merely continued it with modified conditions, there were "no adverse consequences about which [the defendant could] complain." *Daves*, 145 Or App at 445.

*Daves* does not support the state's proposition. Nor does it control the outcome of this case. Here, the trial court did not merely modify the conditions of defendant's probation. Rather, it extended the period of defendant's probation. Although the court may modify the conditions of defendant's probation at any time, it may extend the period of defendant's probation only where it properly exercises its limited discretion to do so. ORS 137.545(1)(a) provides that "[t]he period of probation shall be as the court determines and may, *in the discretion of the court*, be continued or extended." (Emphasis added.) Under that statute, a court may extend probation without finding a violation of a condition of probation if, in its discretion, it determines that the purposes of probation are not being served. *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990); *State v. Jacobs*, 71 Or App 560, 565-66, 692 P2d 1387 (1984). "That discretion is 'guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.'" *Stanford*, 100 Or App at 306 (quoting *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964)).

In *Stanford*, the trial court extended the defendant's probation after it found that he had used controlled

substances without a prescription in violation of a condition of probation requiring him to obey all laws. *Id.* at 305-06. On appeal, the defendant disputed whether he had disobeyed the law because, as a physician, he had dispensed the drugs to himself. *Id.* at 306. We concluded that it was unnecessary to determine whether the defendant had violated the terms of his probation because, in any event, the trial court's extension of probation was "directed toward defendant's rehabilitation." *Id.* at 306-07. Thus, the trial court did not abuse its discretion. *Id.* at 307; *see also Jacobs*, 71 Or App at 565-66 (upholding continuation of probation under modified conditions and noting that, even if the defendant did not violate a condition of probation, "[t]he trial court could consider that defendant's possession of [a] knife and [broken] pool cue showed that probation as then conditioned was not serving its purposes"); *cf. State v. Baker*, 235 Or App 321, 326, 230 P3d 969 (2010) (holding that the trial court abused its discretion where the court's decision to extend probation was not guided by considerations of public safety and rehabilitation); *State v. Kacin*, 237 Or App 66, 73, 240 P3d 1099 (2010) (trial court's "bare statement that '[t]he purposes of probation are not being served' " did not reflect an exercise of discretion sufficient to support the revocation of the defendant's probation where neither the evidence at the hearing nor the trial court's oral explanation from the bench revealed the basis for its determination).

Here, as in *Stanford* and *Jacobs*, we need not determine whether defendant violated a condition of his probation because we conclude that the record reflects a permissible exercise of the trial court's limited discretion. The trial court stated that its decision to extend defendant's probation was based on defendant's failure to keep his probation officer informed of both his mailing address and his employment status, and that this failure was "a deceiving thing." Defendant does not dispute that he failed to inform his probation officer of his mailing address and employment status. Defendant only complains that his conduct did not violate the terms of his probation.

The probative issue, however, is whether the court acted within its discretion in extending defendant's term of

probation based on the above circumstances. Because defendant withheld information from his probation officer, the officer could not monitor the conduct of defendant and could not encourage him to improve his condition. *See* ORS 137.630(1)(e), (f) (probation officers must "keep informed concerning the conduct and condition of persons under their supervision" and must "use all suitable methods * * * to aid and encourage persons under their supervision and to effect improvement in their conduct and condition"). In other words, without that information, the parole officer could not effectively supervise defendant and therefore could not ensure that the purposes of probation—protection of the public and rehabilitation of the defendant—were being served. The trial court did not abuse its discretion and made a sufficient record to extend defendant's probation.

Affirmed.