Submitted December 30, 2021, reversed and remanded February 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SARAH BRAND LUCAS,
*Defendant-Appellant.*

Benton County Circuit Court
19CR20782; A173544

504 P3d 706

The trial court issued a show-cause order regarding defendant allegedly violating several conditions of her bench probation. At arraignment, defendant's court-appointed counsel requested a contested hearing on the alleged violations. However, the trial court announced that it was dismissing the show-cause order on its own motion, because it had already amended the sentencing judgment in a manner that addressed its concerns regarding probation performance. Defendant appeals the amended sentencing judgment, which changed her probation from 24 to 48 months. She contends that the court extended probation to avoid a contested hearing on the probation violations, thereby either depriving her of the opportunity to contest the probation violations or abusing its discretion under ORS 137.545(1)(a). The state argues only that the claim of error is unpreserved and that any error is not plain. *Held*: Under the particular circumstances, defendant had no practical ability to challenge the amendment of the sentencing judgment before it was entered on the register, such that the requirements of preservation were excused. On the merits, the court erred in proceeding as it did. It was impossible to discern from the record whether the court extended defendant's probation to address the alleged probation violations without a contested hearing, as defendant contended, or for a different reason, which would have been reviewable for abuse of discretion. The appropriate disposition was therefore to reverse and remand for further proceedings.

Reversed and remanded.

Joan E. Demarest, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

In September 2019, defendant was convicted of two crimes and, as relevant here, sentenced to 24 months of bench probation. In January 2020, the trial court changed the probationary period to 48 months. Defendant appeals that decision. For the following reasons, we reverse and remand.

The relevant facts are procedural and undisputed. On January 14, 2020, on its own motion, the trial court issued an order to show cause why defendant's probation should not be revoked based on defendant having failed to schedule a substance abuse evaluation as required by her probation conditions. Later, the court issued an amended show-cause order that alleged two additional probation violations, regarding failure to contact a different service provider and failure to sign releases.

On January 30, 2020, the court appointed counsel to represent defendant on the probation violations, which were set for arraignment at 2:30 p.m. Defendant and her court-appointed counsel both appeared at the arraignment. Defendant's counsel told the court that he had looked into the allegations and that they were untrue, that he had spoken to the prosecutor about them, and that he had expected the prosecutor to be there to agree to a dismissal. Given the prosecutor's absence, defendant's counsel requested a contested hearing on the probation violations. The court said "that's fine" but that it was actually going to dismiss the show-cause order on its own motion, because it had already amended the sentencing judgment, which "addresses the court's concern with regard to performance of probation in this case." The court did not say how it had amended the judgment but told counsel that it would give him a copy. Counsel replied, "Okay. My job is done. We can leave. Thank you. I'll look at this. We'll review it in the hall." The victim then made an unsworn statement to the court (unrelated to the show-cause allegations), and the proceeding terminated.

Defendant now appeals the amended sentencing judgment, which, as it turns out, changed defendant's probationary sentence from 24 to 48 months. Defendant contends

that it was improper to change her sentence without notice or process.

As a preliminary matter, we agree with defendant that, in the particular circumstances of this case, defendant had no practical ability to object to the amended sentencing judgment before it was entered and that she is therefore excused from the requirements of preservation. *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."); *Walker v. State of Oregon*, 256 Or App 697, 699, 302 P3d 469, *rev den*, 354 Or 62 (2013) ("The dictates of preservation do not apply—and, hence, the 'plain error' construct is inapposite—where a party has no practical ability to object to the purported error before entry of judgment."); *see also State v. Brown*, 313 Or App 283, 286, 496 P3d 701 (2021) ("Preservation rules are 'pragmatic as well as prudential,' and they are intended to promote the administration of justice, not subvert it." (Quoting *Peeples*, 345 Or at 220.)).

The state contends that defendant's counsel could have objected at the show-cause hearing, but we are unpersuaded for several reasons. First, the attorney present at the show-cause hearing had been appointed by the court only to represent defendant on the probation violations. Second, even if counsel had tried to quickly review the amended judgment before leaving the courtroom, it would not have been immediately apparent how defendant's sentence had changed, as the judgment simply stated the new sentence. Lastly, although there was some delay between the trial court signing the amended judgment (which happened before the show-cause hearing) and its entry in the register (which happened a little more than one business day later), it is unrealistic that an indigent defendant would have been able to obtain counsel and get an appropriate objection formulated and filed in the brief period before the judgment was entered. The requirements of preservation were excused under the circumstances.

As for the merits, we agree with defendant that the trial court erred in extending her probation from 24 to 48 months in the manner that it did. Both parties recognize

that ORS 137.545(1)(a) gives trial courts discretionary authority to extend probation. Here, however, defendant argues that the trial court extended her probation to avoid a contested hearing on the probation violations, thereby either depriving her of the opportunity to contest the probation violations or abusing its discretion under ORS 137.545(1)(a). *See State v. Baker*, 235 Or App 321, 325, 230 P3d 969 (2010) (under ORS 137.545(1)(a), a court may modify probation for reasons other than a probation violation, if the purposes of probation are not being served, and, in exercising that discretion, the court must balance considerations of public safety and offender rehabilitation). In response, the state relies entirely on the claim of error being unpreserved and any error not being plain. Given our conclusion that preservation was excused under the circumstances, that argument is unavailing.

Given the timing of events and the court's statement at the show-cause hearing that the amended judgment addressed its "concern with regard to performance of probation in this case," the court may have extended defendant's probation from 24 to 48 months to address the alleged probation violations without a contested hearing, as defendant contends. However, ultimately, we cannot know the court's reasoning from this record, which also means that, to the extent that the court may have extended probation for a different reason, we have no way to review whether the court abused its discretion. Under the circumstances, the proper disposition is to reverse and remand. *Cf. Baker*, 235 Or App at 326 (reversing—rather than remanding for further explanation from the court, as urged by the state—where the record established that the court had "extended defendant's probation as a means of avoiding a hearing on [a] stalking protective order," rather than having done so based on the public-safety and offender-rehabilitation considerations relevant to ORS 137.545(1)(a)).

Reversed and remanded.